## No. 10,150.

UNION AUTOMOBILE INSURANCE COMPANY *v.* SAMELSON.

Decided June 5, 1922.    Rehearing denied July 3, 1922.

Action on automobile liability insurance policy.    Judgment for plaintiff.

*Affirmed.*

1.  APPEAL AND ERROR—*Fact Findings.*  Findings of fact by the trial court which are supported by the evidence, will not be disturbed on review.

2.  INSURANCE—*Automobile Liability Policy.*  Where an automobile liability policy insures one against loss or expense resulting from claims for damages by reason of the use of an automobile, if the assured incurs a liability to one who is injured by his machine within the conditions of the policy, the insurance company will be liable, notwithstanding the person injured may himself be an assured under the terms of the insurance contract.

*Error to the County Court of the City and County of Denver, Hon. George W. Dunn, Judge.*

Mr. G. W. HUMPHREY, Mr. S. D. CRUMP, Mr. K. V. RILEY, for plaintiff in error.

Mr. WILLIAM W. GARWOOD, Mr. OMAR E. GARWOOD, Mr. HARRY SOBOL, Mr. GEORGE O. MARRS, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action to recover upon a policy or contract of liability insurance.  Prior to the bringing of this action, the plaintiff incurred a liability to one Nathan Snyder by injuring him through the manipulation and use of an automobile.  He was sued by Snyder for damages on account of such injury.  Snyder obtained a judgment against plaintiff for $300, which amount the latter thereafter paid.  To

be reimbursed this amount by the insurance company, is the purpose of the action brought by plaintiff. The cause was tried to the court, without a jury. Findings and judgment were for plaintiff, and the defendant, the insurance company, brings the cause here for review.

The first contention of the plaintiff in error, defendant below, is that the action by Snyder against the plaintiff in the instant case was a collusive suit. The trial court found the fact otherwise, and the finding is supported by the evidence. It is undisputed that Snyder was injured by plaintiff, and there is evidence to show plaintiff's liability to respond in damages on account of the injury. The defendant insurance company was duly notified of the accident and had an opportunity to defend in Snyder's action against plaintiff.

The plaintiff in error denies its liability in the instant case on the ground that Snyder, as it claims, was also an assured under the policy, and that by reason of that fact, coupled with certain provisions of the policy, the plaintiff, who is the named assured in the policy, cannot recover in this action.

The provisions of the policy, pertinent to this discussion, are as follows:

"Union Automobile Insurance Company does hereby agree to insure the person  * . *  *  named,  *  *  *  hereinafter called the assured:  ·

"Section II. Against direct loss or expense arising or resulting from claims upon the assured for damages by reason of the ownership, maintenance, manipulation or use of the automobile described  *  *  *  if such claims are made on account of:   (A)' Bodily injuries or death accidentally suffered or alleged to have been suffered by any person or persons as the result of an accident occurring while this policy is in force;  *  *  *  This policy is issued  *  *  *  subject to the following conditions, limitations, agreements  *  *  *:   (16) The assured, wherever referred to under section II of this policy, shall include the assured named in the declarations, and any person or per-

sons while riding in or operating any automobile described in statement 3 of the schedule of declarations for private or pleasure purposes or for making business calls, with the permission of the said named assured, or with the permission of any adult member of the said named assured's family."

Assuming, without conceding or deciding, that at the time of the accident, Snyder was "riding in" and "operating" the automobile, and under paragraph (16) of the policy, above quoted was an assured, this fact does not deprive the plaintiff, who is the assured named in the policy, of the right to reimbursement or to recover under the policy. In other words, there is nothing in paragraph (16) or elsewhere in the policy which deprives the named assured of the right to recover simply because the party who has or had a claim against him happens or happened to be a party himself assured. There is nothing in the policy which modifies the plain provisions of paragraph (A) of section II which indemnifies the named assured for any loss or expense occasioned by certain claims on account of injuries suffered or alleged to have been suffered by *any* person or persons.

Neither the provisions of the policy above quoted nor any others make it material whether Snyder is a member of plaintiff's family or whether he is an assured. If plaintiff incurred a liability to Snyder and sustained a loss or expense on acount thereof, the defendant insurance company is liable to plaintiff, if the case comes within section II of the policy.

There is no error in the record. The judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE DENISON concur.