FREDERICK CAIN *vs.* AMERICAN POLICYHOLDERS' INSURANCE COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 7th, 1935—decided January 8th, 1936.

*Joseph F. Berry* and *Olcott D. Smith,* for the appellant (defendant).

*M. J. Blumenfeld,* for the appellee (plaintiff).

HINMAN, J. The plaintiff, a resident of Massachusetts, held a policy issued by the defendant insuring against loss by reason of liability arising out of the operation of an automobile owned by the plaintiff,

which policy was in force on July 18th, 1934. At about three o'clock in the morning of that day the plaintiff, while driving through New London on a business trip from Taunton, Massachusetts, to New York City, picked up a man named Snellman who asked for a ride to Waterford but, before they reached that place, on learning that the plaintiff was going to New York, said that he would continue on with him to the Bronx. Plaintiff spoke of being sleepy, whereupon Snellman informed him that he could operate the car and asked to be allowed to do so. The plaintiff at first declined the offer but later allowed Snellman to get behind the wheel and, after cautioning him to drive carefully and slowly and watching him drive for a few minutes, went to sleep. While Snellman was operating the car through Fairfield, and while the plaintiff was asleep, he negligently caused it to collide with a truck and as a result the plaintiff was severely injured. Subsequently the plaintiff instituted an action against Snellman in the Superior Court in New London County to recover for his injuries and obtained judgment by default for $4500 damages and costs. The defendant refused to pay this judgment and the plaintiff brought the present action. Upon the facts found, including the foregoing, the trial court concluded that liability of Snellman to the plaintiff was included in and covered by the policy, and rendered judgment, accordingly, in favor of the plaintiff.

It cannot be accurately said, as the appellant requests to have added to the finding, that Snellman in operating the car was "at all times under the direction and control of the plaintiff." The fact that the latter is found to have been asleep negatives such actual control of the management of the car as that finding would import. *Reetz* v. *Mansfield,* 119 Conn. 563, 569, 178 Atl. 53. Upon the facts found, however, Snellman,

driving with the express consent of the plaintiff and for his purposes, clearly was his agent, so that the plaintiff would have been liable to third parties for damages resulting from negligence of Snellman. *Brown* v. *Wright,* 100 Conn. 193, 199, 123 Atl. 7. Under the circumstances, also, Snellman was liable to the plaintiff for damages for the injuries the latter sustained. *Donohue* v. *Jette,* 106 Conn. 231, 137 Atl. 724. The issue in dispute is whether the liability insurance policy carried by the plaintiff permits him to recover under it, from the insurer, the amount of the judgment for such damages as he has obtained against Snellman. The outcome depends upon the construction to be accorded to the controlling provisions of the policy.

The so-called "Insuring Clause" of the policy issued by the defendant to the plaintiff provides that the insurer, in consideration of the premium, "agrees to indemnify" the named insured (the plaintiff) "and any person responsible for the operation of the named insured's motor vehicle or trailer described herein with his express or implied consent against loss by reason of the liability to pay damages to others for bodily injuries . . . sustained during the term of this policy by any person other than employees of the insured or of such other person responsible as aforesaid who are entitled to payments or benefits under [the Workmen's Compensation Statutes, General Laws of Massachusetts, Chap. 152], and arising out of the ownership, operation, maintenance, control or use upon the ways of [Massachusetts] of such motor vehicle or trailer." As the plaintiff is a resident of Massachusetts and the defendant insurer a Massachusetts corporation and the policy was issued and accepted in that State, the construction and effect of that clause are to be determined by the law of Massachusetts. *New York*

*Life Ins. Co.* v. *Rigas,* 117 Conn. 437, 440, 168 Atl. 22; *Mullen* v. *Reed,* 64 Conn. 240, 247, 29 Atl. 478; 2 Cooley, Briefs on Insurance (2d Ed.) p. 1026.

These provisions therein clearly were intended to, and do literally, conform to the requirement of the Massachusetts Compulsory Motor Vehicle Liability Insurance Law (General Laws [Ter. Ed.] Vol. 1, Chap. 90, § 34A et seq. and amendments) that the policy provide "indemnity for or protection to the insured and any person responsible for the operation of the insured's motor vehicle with his express or implied consent against loss by reason of the liability to pay damages to others for bodily injuries. . . ." This statutory provision has been construed by the Supreme Judicial Court of Massachusetts, since the instant case was decided in the Superior Court, in *MacBey* v. *Hartford Accident & Indemnity Co.* (Mass.) 197 N. E. 516. The facts were similar in that the plaintiff, owner of the motor vehicle covered by the policy, while riding therein was injured through the negligence of a person who was driving with her consent, obtained a default judgment against him, and then sought to have recourse to the insurance policy for satisfaction of the judgment. In that case the policy was not introduced in evidence but it was assumed that, as in the present case, it conformed to the mandate of the statute which we have quoted, and it was held that "the word 'others' describing the persons to whom damages are to be paid, following the words 'insured' and 'any person' joined as describing those to be protected by the policy, plainly shows that inclusion of the named assured within the class of beneficiaries was not within the legislative intent. As matter of construction, the beneficiaries under the policy are denominated 'others' as contrasted with 'the insured' and 'any person responsible for the operation of the insured's motor

vehicle' who may cause the damage. The language of the statute is free from ambiguity."

Although in that case it was the statute which was being directly construed instead of the conforming policy provision itself, and notwithstanding differences in the applicable rules of construction, this decision is manifestly at least very persuasive of the meaning to be accorded to the insuring clause .of the policy now under consideration; clearly it was not only inserted to comply with the statute but also conforms to it with verbal exactitude. Application of the rules appropriate to the construction of insurance contracts develops no sound reason why this clause should or may be given a different meaning and effect than that attributed to the statute which it follows. In *Boudreau* v. *Maryland Casualty Co.*, 287 Mass. 423, 192 N. E. 38, also, although the action was on a judgment recovered by a person other than the insured, it was said (p. 426) that the insurer's liability under a policy issued pursuant to the Compulsory Motor Vehicle Law, is "to indemnify a person other than the owner for the consequences of negligent operation," citing *O'Roak* v. *Lloyd's Casualty Co.*, 285 Mass. 532, 536, 189 N. E. 571, 573.

We find nothing in the "Extra-territorial Coverage . . . Endorsement" which affects the question now before us. Under the original insuring clause the availability of indemnity to others than the named insured was limited to persons "responsible for the operation of the named insured's motor vehicle . . . with his express or implied consent." The only effect of the indorsement in this aspect of the contract was to include "any person or persons while riding in or legally operating" the motor vehicle and "any person, firm or corporation legally responsible for the operation thereof provided such use or operation is with the

permission" therein specified. The limitation of the indemnity to liability to pay damages "to others" (than those specified as entitled to the indemnity) contained in the insuring clause is not extended or changed by any provision of the indorsement. Also the further provision therein that "insurance payable hereunder shall be applied first to the protection of the named insured, and the remainder, if any, to the protection of other persons entitled to insurance under the provisions and conditions of this clause, as the named insured shall in writing direct," points significantly to the creation of a class, composed of the named insured and the other persons entitled to indemnity against loss by reason of liability to pay damages to persons "other" than those so provided with indemnity. In *Sheldon* v. *Bennett,* 282 Mass. 240, 184 N. E. 722, the accident occurred in New Hampshire, so that the extra-territorial indorsement applied, but it is said (p. 247) that "only a judgment creditor of the assured or of some person claiming by, through or under him the protection of the policy, could have the benefits of the policy."

Additional considerations point in the same direction. As in the construction of a statute the intention of the Legislature is sought, so in the construction of an insurance policy ascertainment of the true intent of the parties is the paramount object. *Shaw* v. *John Hancock Mutual Life Ins. Co.,* 120 Conn. 633, 182 Atl. 472. Provisions therein are not to be so distorted or given a forced construction as to attach to them a meaning evidently not intended by the parties, and which would cast upon the insurer a liability or give the insured a protection not within the intent of the parties as ascertainable from their contract. *Komroff* v. *Maryland Casualty Co.,* 105 Conn. 402, 406, 135 Atl. 388. Various provisions of the policy appear to be incon-

sistent with a status of the insured as a beneficiary as a claimant for damages for injuries, including Agreement I, by which the insurer agrees to pay certain expenses incurred by the insured such as for immediate medical or surgical relief, premiums on attachment and appeal bonds, and costs taxed against him, and II, under which the company agrees to defend or settle "in the name and on behalf of the insured any claims, suits, or other legal proceedings alleging such injuries and demanding damages on account thereof;" Condition C, requiring coöperation of the insured in defending suits and D, providing for subrogation of the company to payments made under the policy; also the provisions in the extra-territorial indorsement, above quoted, concerning order of application of insurance payable. *American Automobile Ins. Co.* v. *Cone* (Tex. Civ. App.) 257 S. W. 961, 964.

The effect which the plaintiff seeks to give to this policy is foreign to the object and common conception of the scope of public liability insurance which, as concerns the assured, is third party coverage, that is, insurance against the liability of the assured for injury which has been sustained by a third person by negligence in the operation of the automobile. Simpson, Automobile Insurance (2d Ed.) p. 297; Richards, Insurance (4th Ed.) p. 885. There is a significant paucity of cases in which the named assured has claimed a right of recourse to such insurance for damages for injuries to himself although the policy agreed to indemnify against loss through liability for damages on account of injuries "to any person or persons" as distinguished from such damages "to others" as in the present instance. The *MacBey* case, supra, is the only one involving the latter phraseology which has come to our notice. Recovery by an assured in the few cases in which it has been allowed is clearly attributable to

the broader coverage construed to be afforded by the policy provision above mentioned. *Howe* v. *Howe* (N. H.) 179 Atl. 362; *Archer* v. *General Casualty Co.* (Wis.) 261 N. W. 9; *Union Automobile Ins. Co.* v. *Samelson,* 71 Colo. 479, 207 Pac. 1113; *Farmer* v. *United States F. & G. Co.* (D. C.) 11 Fed. Supp. 542. In *Bachman* v. *Independence Indemnity Co.,* 214 Cal. 529, 6 Pac. (2d) 943, "the theoretical rights" of the insured were not involved.

To accord to this policy the effect which the plaintiff claims would be to virtually insert into it another contract, distinct from public liability coverage within the scope of the policy and amounting to personal accident insurance against bodily injuries suffered by the assured. There is nothing to indicate any intention of either party to combine, in this policy, these two kinds of coverage. A public liability policy is not a policy of accident insurance indemnifying the assured against injuries suffered by himself in an accident. By its definite terms it insures against claims for damages for which he or others named in the policy might become liable. *American Automobile Ins. Co.* v. *Cone,* 257 S. W. (Tex. Civ. App.) 961, 964; *Bachman* v. *Independence Indemnity Co.,* 112 Cal. App. 465, 297 Pac. 119. In *Johnson* v. *Employers Liability Assurance Corporation, Limited,* 285 N. Y. Supp. 574, 580, it was held that to allow the plaintiff, assured, to recover from the insurer a judgment obtained against a negligent driver of his car would be to give his liability policy the effect of an accident policy. "Plaintiff . . . cannot assume the role of 'any person' and thus divorce himself . . . as one of the two contracting parties, whose contract was made to protect him from the demands of such person. To hold otherwise would be to read into the policy another contract, one well known in the science and business of insurance, but certainly

absent here, namely, one for personal accident insurance."

In the instant case, we hold that the policy, as we construe it, does not support the vital conclusion of the trial court that the agreement of the defendant. to indemnify Snellman included liability to pay damages to the plaintiff.

There is error; the judgment is set aside and the case is remanded to the Superior Court with direction to render judgment for the defendant.

In this opinion BANKS and AVERY, Js., concurred.

MALTBIE, C. J. (concurring in the result). I agree with the statement in the majority opinion that the construction and effect of the policy upon which this action is based as regards the issues involved in this appeal are to be determined in accordance with the law of Massachusetts and that, while the decision of this action must be based upon the terms of the indorsement, constituting as it does a distinct policy applicable to matters and territory not covered by the policy to which it is attached, the opinion of the Supreme Judicial Court of Massachusetts in the *MacBey* case, referred to in the majority opinion, sufficiently evidences the construction which that court would give to the provisions of the indorsement were the question there presented. I therefore concur in the result. I cannot, however, agree with so much of the majority opinion as indicates that, if the question involved were presented to us under such circumstances that our decision would not be controlled by the law of another jurisdiction, a like result should be reached.

The policy is essentially one to indemnify the insured against liability for loss. Its meaning and effect should not be determined upon the basis of the right

of the person injured in the course of the operation of the automobile to recover from the company but upon the basis of the right of the insured to be protected from loss. In the policy the company has agreed, voluntarily and no doubt upon an adequate consideration, to extend its protection not only to the named insured but also to any person operating the car with permission or consent in accordance with its provisions. The fact that the named insured happens to be the one to whom a liability resulting from the operation of the car by someone other than himself is incurred, should not derogate from the obligation which the company has assumed to protect the latter from liability. Suppose the person operating the car in this instance had paid the judgment secured by the plaintiff against him, is it possible that he would be denied a right to recover from the company by way of indemnity the amount so paid? Certainly the primary and underlying purpose of the policy could only be carried out by furnishing such indemnity. Nor is there anything in its terms which militates against such a result. The policy in the protection it affords has a double aspect; it protects the named insured when he is operating the car; and it no less protects any other person while operating it with the consent and permission specified in the policy. The word "others" in the clause under which the company agrees to indemnify the named insured or any person operating the car with his consent "against loss by reason of the liability to pay damages to others" means persons other than the one invoking the protection of the policy, whether it be the named insured or one who is operating the car with consent.

While the indorsement expressly eliminates the definition in the policy whereby the word "insured" as used in it is defined, unless qualified, to include any

person entitled to protection under its provisions, that is a necessary result from the very terms of the policy; such person becomes in fact, by the extension of the policy to include protection to him, the "insured" as much as though he were named in it; and this is recognized in the indorsement, in the incorporation as a part of it of provisions in the policy wherein the word "insured" is used when it is intended to refer to either while the words "named insured" are used when only the person named is intended, and in the use of the words "named insured" in the added provisions contained in the indorsement. If the provisions of the policy be read with this in mind, there will be found nothing in them which does not fully accord with the conclusion that one operating the car with the consent or permission specified in the policy is entitled to indemnity against liability within its coverage for damage suffered by the named insured. If that is so, the named insured would be entitled to maintain his action against the insurer to enforce a judgment secured against the operator of the car. *Guerin* v. *Indemnity Ins. Co.*, 107 Conn. 649, 653, 142 Atl. 268, 269; *Rochon* v. *Preferred Accident Ins. Co.*, 114 Conn. 313, 315, 158 Atl. 815.

In this opinion HAINES, J., concurred.