(January 21, 1937.)

MARTIN E. JOHNSON, Appellant, *v.* EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED, OF LONDON, ENGLAND, Respondent.

Judgment reversed, on the facts, and new trial granted, with costs to the appellant to abide the event, so far as it directs a dismissal of the complaint. New trial granted on the ground that the verdict on the issue of cooperation is against the weight of the evidence. Order affirmed in so far as it sets aside the verdict of the jury. Hill, P. J., Rhodes and Heffernan, JJ., concur.

RHODES, J. Irrespective of whether the policy covers the plaintiff in the case before us, it was proper to set aside the verdict as against the weight of evidence upon the question of lack of cooperation by the insured. I do not vote upon the question of law as to whether the policy covers the plaintiff in this case.

McNamee, J., dissents and votes to affirm the judgment and order dismissing the complaint. (*Cain* v. *American Policyholders' Ins. Co.,* 120 Conn. 645; 183 A. 403.) Crapser, J., dissents with an opinion and votes to reverse the order and judgment on the law, and to reinstate the verdict.

CRAPSER, J. (dissenting). The plaintiff, Martin E. Johnson, in the year 1930 was working at or near Speculator, N. Y. He owned a Whippet car which the defendant, an insurance corporation, covered by a liability policy. The policy insured the plaintiff against liability for personal injuries sustained in the operation of that automobile to the extent of $5,000 to one person.

By the policy of insurance the defendant-respondent agreed as follows: " To settle or to defend, except as hereinafter provided, against claims resulting from the liability imposed upon the Assured by law for damages on account of bodily injuries, including death at any time resulting therefrom, accidentally sustained by any person or persons, other than employees engaged in operating and caring for the automobiles covered (excluding in any event personal injuries or death to any employees under any Workmen's Compensation Law) as the result of the ownership, maintenance, operation or use of any of the automobiles enumerated and described."

The " named Assured " in the policy was Martin E. Johnson.

The policy also contained an omnibus clause as follows: " Omnibus Cover. This policy shall cover the Assured named in the Policy, and any person or persons while riding in or legally operating any of the automobiles described herein and the protection granted by this Policy is so extended as to be available in the same manner and under the same conditions as it is available to the named Assured, to any person, firm or corporation legally responsible for the operation of such automobiles, provided such use or operation is with the permission of the named Assured, or if the named Assured is an individual, with the permission of an adult member of the named Assured's household other than a chauffeur or a domestic servant; except the protection granted by said Policy shall not be available to a public automobile garage, automobile repair shop, automobile sales agency, automobile service station and the agents or employees thereof.

" The unqualified term ' Assured ' wherever used in this Policy shall include in each instance not only the named Assured but also any other person, firm or corporation entitled to protection under the preceding paragraph but the qualified term, ' named Assured ' or ' Assured named in the Policy ' shall apply only to the Assured named and described as such in the Policy."

The premium was paid and the policy was in force at the time of the accident.

The plaintiff and one Hubert Durking were working upon the erection of a bridge near Speculator on the 3d day of November, 1930. The plaintiff had with him at the job his Whippet automobile, and during the afternoon Durking suggested to the plaintiff that they go to a dance at Wellstown. The plaintiff declined to go, and Durking insisted, and the plaintiff still refused and said to Durking, " If you want to go to the dance go ahead and take the car and go."

At the end of the day's work and after supper both the plaintiff and Durking, in the Whippet automobile, drove the car to town. The plaintiff went into a barber shop, and when he came out he went across the street to purchase some cigarettes, and when he came out from purchasing the cigarettes the car was gone. The plaintiff did not think anything about it because he had told Durking that he could take

the car. The plaintiff then started on foot for the place where he was living, and while he was walking along the road he was struck by his own car, driven by Durking, and was seriously injured.

He brought an action against Durking in the Supreme Court of Albany county and recovered by default upon an inquest a verdict of $18,000, no part of which has been paid, and an execution has been returned by the sheriff of the county that Durking lived in unsatisfied, prior to the commencement of this action.

The defendant insurance corporation was notified of the suit brought by the plaintiff against Durking and declined to defend, and this action was brought.

The validity of the judgment of this plaintiff against Durking and his liability to pay that judgment is *res judicata* and is binding on this court in this suit.

The only question before the court in this case is whether Durking was an assured or came within the class of persons to whom the benefits of protection for liability incurred under the terms of the insurance contract.

The defendant-respondent, by its contract of insurance, agreed to settle and defend, except as otherwise provided, claims resulting from liability imposed upon the assured by law for damages on account of bodily injuries, at any time resulting therefrom, accidently sustained by any person or persons other than employees engaged in operating and caring for the automobiles covered, as the result of the ownership, maintenance and operation of the automobiles enumerated and described.

The policy covered the assured named in the policy and any other person or persons operating the automobile described, and the protection granted by the policy was extended so as to be available in the same manner and under the same conditions as it is available to the named assured. The plaintiff was the named assured. This language certainly made the policy available to pay the judgment against Durking to the amount of the policy while he was operating the automobile with the consent and knowledge of the owner.

The omnibus clause of the policy covered the assured named, which is the plaintiff herein, and in addition any person legally operating the automobile, and the protection of the policy was extended and was available in the same manner and under the same conditions as to Durking as it was to the named assured.

The language of the policy is the language of the defendant-respondent and should be construed strongly against it. It had the option to insure, it had the option to write the contract or not to write it, and it had the right to exclude any person or class of persons from the coverage of its protection. It could have excluded its liability in a case like this by the use of proper words without offending against any rule of law or statutory provision. It did exclude a chauffeur, a domestic servant, public automobile garage, automobile repair shop, sales agency, service station and agents or employees thereof, and it could have excluded the assured named in the policy. It did not do so.

The unqualified word "assured" includes not only the named assured but any other person or persons operating said automobile or responsible for the operation of such automobile and was available to such persons the same as it was to the named assured.

The underlying purpose of the contract was to obligate the insuring company to indemnify those assured against financial loss occasioned through the use and operation of the automobiles covered by the contract. The contract was not made

for and is not in any wise dealing with parties who may suffer injuries and be entitled to receive money compensation for injuries resulting from the use and operation of the automobile.

Under the expressed provisions of the contract the insuring company is not interested in or concerned in the matter as to who shall receive the award of damages or compensation resulting from an injury occasioned by the use or operation of the automobile covered in the contract. The sole purpose of the contract is to afford financial indemnity to all persons who fall within the definition of " assured " as defined in the contract.

Durking was legally using the automobile with the expressed permission of the owner, and is within the provisions of the contract as an assured party. (*Bachman* v. *Independence Indemnity Co.*, 214 Cal. 529; 6 P. [2d] 943.)

The defendant will argue that the omnibus clause was required in the policy for the benefit of the public and not for the protection of the assured, but the evidence discloses that at the time of the accident the plaintiff-appellant was one of the public, he was a traveler on foot in the highway. He was injured by the negligence of the operator of the car covered by the policy; he had a right of action against the operator of the car. The defendant-respondent was notified that such an action had been commenced and it refused to defend. Judgment was rendered against Durking, and with the facts leading up to that judgment we have nothing to do in this case; although they were much discussed by the trial judge in his opinion, they are *res judicata* and this defendant cannot in this case question the happening of the accident or the manner of its happening. Durking's liability was fixed; he was an assured under the terms of the policy issued on the automobile in question, subject to certain exceptions, and the plaintiff was not one of the excepted risks. (*Union Automobile Insurance Co.* v. *Samelson*, 71 Colo. 479; 207 P. 1113; *Howe* v. *Howe*, 87 N. H. 338; 179 Atl. 362; *Farmer* v. *United States Fidelity & Guaranty Co.*, 11 Fed. Supp. 542; 49 Harvard Law Review of March 11, 1936, p. 836.)

The order of the trial judge granting a nonsuit and dismissal of the complaint should be reversed and the verdict reinstated.