CITY OF THREE RIVERS, *for use and benefit of* LONDON
GUARANTEE & ACCIDENT CO., LTD*., v.* GRUNERT.

Garnishment—Municipal Corporation—Workmen's Compensation
Insurer as Subrogee—Public Liability Insurer.
  In garnishment proceedings by city, for use and benefit of its
  workmen's compensation insurer, to recover amount of work-
  men's compensation paid to two city employees who were
  injured as a result of collision between truck in which they
  were riding and another city-owned truck which was being
  driven by another city employee with city's knowledge and
  consent, from insurer under policy providing for public lia-
  bility and property damage, judgments for garnishee defend-
  ant are affirmed.

Appeal from St. Joseph; Jacobs (Theo. T.), J.
Submitted October 19, 1939. (Docket Nos. 134, 135,
Calendar Nos. 40,833, 40,834.) Decided February
14, 1940.

Separate garnishment proceedings by City of
Three Rivers, for the use and benefit of London
Guarantee & Accident Co., Ltd., against Fred Gru-
nert, principal defendant, and Wolverine Insurance
Company, garnishee defendant. Cases combined
for trial. Judgments for garnishee defendant.
Plaintiff appeals. Affirmed.

*Alexander, McCaslin & Cholette,* for plaintiff.

*Kelley, Sessions, Warner & Eger* (*Dwight M.
Britton,* of counsel), for defendant.

Sharpe, J.   The facts in these cases are not in dispute and are as follows:   On April 25, 1936, Hildreth Carter and Harry Long were in the employ of the city of Three Rivers.   On' the day in question Carter and Long were seriously injured, due to the truck upon which they were riding, owned by the city of Three Rivers and being operated by Fred Grunert, a co-employee, colliding with another truck also owned by the city.   Compensation was paid Carter and Long by the London Guarantee & Accident Company, Ltd., the carrier of the risk for the city of Three Rivers.   Mr. Long received compensation in the sum of $1,278.92 and Mr. Carter compensation in the sum of $797.40.   Public liability insurance on these two trucks was covered by a policy issued by the Wolverine Insurance Company.

After the payment of the mentioned compensation, suits were brought in the name of the city of Three Rivers for the use and benefit of the London Guarantee & Accident Company, Ltd., against Fred Grunert to recover under 2 Comp. Laws 1929, § 8454, for the amounts paid Carter and Long.   A trial was had and judgments entered, plus costs of suits, which judgments were unappealed from.   The judgments not having been paid, plaintiff brings these proceedings in garnishment.

In the principal suits against Fred Grunert, the summonses were served upon him and he turned them over to the city clerk of Three Rivers, who in turn forwarded them to the Wolverine Insurance Company.   The Wolverine Insurance Company retained counsel to defend these suits after sending Fred Grunert a letter, a part of which reads as follows:

"However, the Wolverine Insurance Company offers to assume and conduct your defense in said

lawsuits and pay the expenses incident thereto with the reservation that under the terms of the policy and this memorandum, it shall not waive its claim and position that the said policy does not cover and include the liability asserted in said lawsuits against you. The Wolverine Insurance Company will therefore procure and furnish counsel and manage and conduct your defense in said lawsuits, but in so doing it does not intend to waive and will not waive its right to claim that said policy does not cover and include any judgment which may be recovered against you in said lawsuits.

"Very truly yours,
"WOLVERINE INSURANCE COMPANY.
"By HARRY A. PLATZ (signed),
Assistant Secretary.

"DWK:NT

"The foregoing proposal is accepted by me this 4th day of Aug., A. D. 1936.

"(signed) FRED GRUNERT."

The trial court in a very able opinion held that nothing was owing from the garnishee defendant to defendant Fred Grunert and judgments were entered in accordance therewith. Plaintiff appeals and contends that the Wolverine Insurance Company is a corporation and is prohibited by law from contracting to defend lawsuits in which it has no interest; that having assumed the defense of a lawsuit, the law will not permit it to say it had no interest; that plaintiff is subrogated to the rights of Long and Carter; and that if Long and Carter had not elected to take compensation, but had elected to sue Fred Grunert and had recovered judgments, the Wolverine Insurance Company would be bound to pay the judgments under its policy.

On the question of waiver the trial court said:

"The rule in Michigan is that the estoppel is never allowed to make a contract of insurance cover

a loss not covered by its items or to create a liability never assumed."

The insurance policy provides:

"Defense of Suits

"If suit whether groundless or not, is brought against the insured to enforce a claim for damages covered by this policy the company will, at its own cost and in addition to the limits for bodily injury liability and property damage liability stated herein, defend such suit in the name and on behalf of the insured, and pay all expenses in connection with such defense. The company may investigate any such claim and assume and conduct such defense without, by so doing, waiving any defense it may have against the insured respecting its liability for such damages under this policy.

"Under the bodily injury liability clause of the policy, the company reserves the right, but without cost to the insured, to have legal counsel of its own selection, participate in the defense of the insured in any criminal action brought against the insured because of bodily injuries to or death of any person or persons. This reservation shall extend to coroners and inquest proceedings."

Plaintiff contends that the insurance company, by assuming the defense of a case, thereby assumed coverage. We are not in accord with this theory.

In *Ruddock* v. *Detroit Life Insurance Co.*, 209 Mich. 638, 653, we said:

"The cases where the doctrine of waiver, of estoppel, has been applied have largely been cases where the insurance companies have relied on a forfeiture of the contract, upon breaches of the warranties and conditions to work such forfeitures; and in many such cases this court and other courts of last resort have held that if the companies have led the other

party, to his prejudice, to his expense, to understand that such forfeitures, such breaches of warranties and conditions would not be insisted upon, then the companies would be estopped from asserting such defenses. But here the defendant makes no claim of forfeiture of the contract; on the contrary, it is insisting upon the contract itself and insisting that by its terms it did not insure the deceased when engaged in military services in time of war. To apply the doctrine of estoppel and waiver here would make this contract of insurance cover a loss it never covered by its terms, to create a liability not created by the contract and never assumed by the defendant under the terms of the policy. In other words, by invoking the doctrine of estoppel and waiver it is sought to bring into existence a contract not made by the parties, to create a liability contrary to the express provisions of the contract the parties did make.''

In *Ames* v. *Auto Owners Ins. Co.*, 225 Mich. 44, 47, we said:

''This court has frequently held that insurance companies are estopped by their conduct under certain circumstances from claiming the benefit of forfeitures and breaches of condition when they do not put their refusal to pay on such grounds, but this court has not gone so far as to bring into being a contract of insurance by estoppel alone.''

In *Kidd* v. *Minnesota Atlantic Transit Co.*, 261 Mich. 31, we said:

''The question is that appellant is estopped by its conduct from denying liability. The rule is stated in a note, 59 A. L. R. 308:

'' 'An insurer which denies its liability under the provisions of its policy under consideration, before judgment, and while the insured has sufficient time to protect its interest at the trial of the cause by providing its own counsel, or otherwise, is not estopped, in an action against it on the policy, to plead this provision as a defense in an

action upon the policy, although it may have assumed the defense of an action against the employer by an employee.' ''

See, also, *Fidelity & Casualty Co. of New York* v. *Schoolcraft Board of County Road Com'rs*, 267 Mich. 193; *Beals* v. *Central Mutual Auto Ins. Co.*, 269 Mich. 477.

The principal question may be stated as follows: Does the public liability coverage of the Wolverine Insurance Company policy permit the city of Three Rivers to recover against the said insurance company on account of compensation paid to Carter and Long, employees of the city of Three Rivers, pursuant to the Michigan workmen's compensation law? In deciding this question we have in mind that the insurance company actually insured the truck that was involved in the accident; that the truck was owned by the city of Three Rivers; and that the truck was being driven at the time in question by Fred Grunert, an employee of the city of Three Rivers, with the knowledge and consent of said city.

Plaintiff relies upon the following clauses in the insurance policy as authority for its claim:

"ITEM I.    BODILY INJURY LIABILITY

"The company will pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon the insured by law for damages because of bodily injuries, including death at any time resulting therefrom, and including damages for care and loss of services, sustained by any person or persons and caused by accident, providing such liability shall arise out of the ownership, maintenance or use of the insured motor vehicle or vehicles including the carrying of goods thereon and the loading and unloading thereof.

"ADDITIONAL INSUREDS

"Any insurance granted by this policy to the insured named herein against claims for damages

shall, in addition to said insured, protect any other person operating the insured motor vehicle with the consent of said named insured and shall also protect any person, firm or corporation responsible for its operation, but the rights of said named insured to the protection herein provided shall be prior to the rights of all other insureds and said named insured shall have the right to revoke the benefits under this clause at any time. Provided further, that in the event there should be any other effective insurance which in the absence of this insurance would protect such other person, firm or corporation, then the protection under this paragraph shall be considered as excess insurance and shall apply only when such other insurance shall have become exhausted.''

And plaintiff contends that the policy issued by the insurance company insured the city of Three Rivers and Fred Grunert, a driver of the motor vehicle in question.

It is the claim of the Wolverine Insurance Company that the city of Three Rivers is the real plaintiff, the real party in interest, and that its status as a litigant controls the incidents of litigation; that the London Guarantee & Accident Company, Ltd., is not a party to the case but merely, by virtue of the subrogation statute, is the beneficiary of a recovery by the real plaintiff; that the city of Three Rivers, being the real party in interest and being the insured designated in the policy, is not in a position to assert its claims against the Wolverine Insurance Company as its insurer as the claims upon which the garnishment actions are founded are not liabilities of the insurer contemplated by or covered by the insurance contract; that the policy does not protect Fred Grunert against the claims asserted in the garnishment proceedings as such claims are not ''for damages because of bodily injuries, including death,''

but are for statutory contributions and are not covered by the policy contract.

The public liability coverage of the policy issued by the Wolverine Insurance Company obligates the company to protect the city of Three Rivers against such claims asserted against the city arising out of the ownership, maintenance, or use of the insured motor vehicle.

In *Cain* v. *American Policy Holders Ins. Co.*, 120 Conn. 645 (183 Atl. 403), the plaintiff was the named insured. He allowed a Mr. Snellman to ride with him in his motor vehicle and allowed him to drive while plaintiff was in the car. Through Snellman's negligent driving, plaintiff was severely injured. Plaintiff recovered a judgment against Snellman and then attempted to recover against the insurance company on the judgment he had obtained against Snellman under the omnibus clause contained in the policy of insurance issued by the insurance company to plaintiff. The "insuring clause" of the policy issued by the insurance company provided that the insurer "agrees to indemnify" the assured "and any person responsible" for the operation of the motor vehicle against loss by reason of the liability to pay damages to others for bodily injuries sustained by any person other than employees of the insured or of such other person responsible as aforesaid who are entitled to payments or benefits under the workmen's compensation statute.

The court said:

"The effect which plaintiff seeks to give this policy is foreign to the object and common conception of the scope of public liability insurance which, as concerns the assured, is third party coverage, that is, insurance against the liability of the assured for injury which has been sustained by a third person by

negligence in the operation of the automobile. * * * .

"To accord to this policy the effect which the plaintiff claims would be to virtually insert into it another contract, distinct from public liability coverage within the scope of the policy and amounting to personal accident insurance against bodily injuries suffered by the assured. There is nothing to indicate any intention of either party to combine, in this policy, these two kinds of coverage. A public liability policy is not a policy of accident insurance indemnifying the assured against injuries suffered by himself in an accident. By its definite terms it insures against claims for damages for which he or others named in the policy might become liable. *American Automobile Ins. Co. v. Cone* (Tex. Civ. App.), 257 S. W. 961, 964; *Bachman v. Independence Indemnity Co.*, 112 Cal. App. 465 (297 Pac. 119, 298 Pac. 57)."

In the case of *Johnson v. Employers' Liability Assurance Corp., Limited, of London, England,* 158 Misc. 758 (285 N. Y. Supp. 574), the court sums up this question as follows:

"View it any way we may, the facts remain that plaintiff's policy, his contract with defendant, was one of indemnification for liability, and that he was a privy thereto for such expressly declared purpose. This contract is the basis of the present action. He sues upon it, not for indemnification, but, divorcing himself as a privy thereto, he sues under it to be compensated for injuries caused by his licensee, who, by his, the plaintiff's, act, procured the instrument and used it and thereby caused him harm. True, the 'omnibus cover' protected Durking, plaintiff's licensee, from liability to any person, but it did so only while he was operating plaintiff's automobile with the latter's consent. This protection was thus extended not as a separate and independent

agreement with Durking, and apart from the real
subject matter and paramount purpose of the pol-
icy.   Indeed this extension of protection is insepara-
bly connected with such purpose.   *   *   *   The
extension of protection was a detail of the protec-
tion afforded plaintiff the named assured.  It merely
afforded additional protection which covered his ex-
tended statutory liability.   Plaintiff therefore can-
not assume the role of 'any person' and thus divorce
himself from his status as one of the two contracting
parties, whose contract was made to protect him
from the demands of such person.   To hold other-
wise would be to read into the policy another con-
tract, one well known in the science and business of
insurance, but certainly absent here, namely, one for
personal accident insurance.   Consideration of
other features of the policy in question confirm these
views.   It is impossible to harmonize a contrary
view with plaintiff's affirmative obligation under the
contract having to do with co-operation in resistance
of unjust demands, and hopeless confusion attends
such a view when adherence is called to the subroga-
tion provisions of the policy.   Plaintiff's unavoid-
able status as privy to the contract in question pre-
sents the anomaly here of this being a suit, in effect,
against himself.   For he must sue upon his own pol-
icy, not that of Durking.   For Durking had no con-
tract separate and apart from his.   The protection
plaintiff contracted for on account of Durking's act
he does not seek.   Even under the omnibus coverage,
that is all the contract affords him.''

See, also, 106 A. L. R. 1251.

In the present action, the city of Three Rivers is
seeking to recover contributions for its own benefit.
The right of action by the city of Three Rivers
against Fred Grunert was conferred by virtue of the
subrogation statute.   See *Michigan Employers Cas-*
*ualty Co.* v. *Doucette,* 218 Mich. 363.   The liability

feature of the policy of the Wolverine Insurance Company limits the coverage of the city of Three Rivers to claims by *others* or to obligations of the city of Three Rivers "by reason of the liability imposed upon the insured by law for damages." In our opinion the coverage of the policy does not include the statutory right of action for contribution. To hold otherwise would read something into the policy not contemplated by the parties.

The judgments of the circuit court are affirmed, with costs to defendant Wolverine Insurance Company.

Bushnell, C. J., and Chandler, J., concurred with Sharpe, J. Potter and Wiest, JJ., concurred in the result.

North, J. (*concurring in result*). While I am in accord with the result reached in this case by Mr. Justice Sharpe, I cannot subscribe to the reasoning embodied in his opinion. In the main his decision is planted on *Cain* v. *American Policy Holders Ins. Co.*, 120 Conn. 645 (183 Atl. 403); *Johnson* v. *Employers' Liability Assurance Corp., Ltd., of London, England,* 158 Misc. 758 (285 N. Y. Supp. 574); and *MacBey* v. *Hartford Accident & Indemnity Co.,* 292 Mass. 105 (197 N. E. 516, 106 A. L. R. 1248 and note, p. 1251). The cited cases are not in point because the plaintiffs therein were seeking recovery for their own bodily injuries. This, the courts held, was an attempt to convert the policies into "accident insurance" and could not be done. But in the instant case the city of Three Rivers does not, and could not, ask payment of "accident insurance" for a bodily injury to itself. Instead, the city, for the use and benefit of its workmen's compensation insurer, seeks to recover indemnity or reimbursement

for its financial loss resulting from the negligent operation of a city truck by one of its employees. The loss suffered by the city for which recovery is sought was for money paid as compensation to its injured employees, not damages for personal injuries. Therefore, the reasoning of the above-cited cases is inapplicable.

But the decision of the lower court should be affirmed for the following reason. One of plaintiff's assignments of error reads as follows:

"Because the trial court erred as a matter of law in holding that the judgment rendered in favor of the plaintiff (in each of the two suits against the principal defendant Fred Grunert) constituted claims for damages by employees under coverage VII of the said policy of insurance, and *that said coverage was excluded under the policy in question.*"

The foregoing assignment of error necessitates consideration of the pertinent clauses of the insurance policy. Under the "schedule of coverages" set forth in the policy, item I covers bodily injury liability under which the insurance is limited to $10,000 for one person and to $20,000 for more than one person in any one accident. By the express terms of the policy the coverage under item I as stated therein is limited as follows:

"Claims for damages by employees, for injuries in the course of their employment, *shall be covered only under employers' liability (coverage VII).*"

Coverage VII in the insurance policy is as follows:

"Item VII: Employers' liability. Employers' liability coverage shall protect the insured against loss or expense arising or resulting from claims

upon the insured for damages on account of bodily injury or death accidentally suffered, or alleged to have been suffered, by any employee in the course of his or her employment and arising from the ownership, maintenance or use of the motor vehicle described herein  *  *  *  for an amount not exceeding the limits for bodily injury liability as indicated in item I.''

Under this item VII of the schedule of coverages, the city had no insurance. Clearly this item VII, under which the city took no protection, covered the type of accident for which there was recovery in the two principal cases against the defendant Fred Grunert. This item VII was the only provision in the policy for coverage of this character. There is no ambiguity in the quoted provisions of the policy. The city took out no insurance under item VII. The circuit judge correctly so held, and for that reason the judgment of nonliability of the insurance company, garnishee-defendant herein, should be and is affirmed. Appellee will have costs of this appeal.

McAllister and Butzel, JJ., concurred with North, J.