STANDARD SURETY AND CASUALTY COMPANY OF NEW YORK, Plaintiff, v. MARYLAND CASUALTY COMPANY et al., Defendants.

Supreme Court, Equity Term, Onondaga County, September 7, 1950.

*Morris Berman* for plaintiff.

*Sidney B. Coulter* for Maryland Casualty Company and another, defendants.

*Ringwood & Pasqua* for Dan-Bar Contracting Company, Inc., defendants.

*Richard N. Ames* for Rupert L. Weedon, defendant.

BASTOW, J. The plaintiff brings this action seeking a declaratory judgment. The case has been submitted upon facts stipulated in writing by the attorneys for the respective parties.

On August 7, 1946, the defendant, Fred Carpenter, doing business under the assumed name and style of Carpenter Trucking Company (hereinafter referred to as Carpenter) was the owner of a Chevrolet truck and trailer.

On this date the defendant, Dan-Bar Contracting Company, Inc. (hereinafter called Dan-Bar) employed Carpenter to transport a power shovel owned by Dan-Bar by means of the Chevrolet truck and trailer owned by Carpenter. The defendant, Weedon, an employee of Carpenter, drove the truck with Dan-Bar's shovel on the trailer to the premises of the latter where he stopped the truck and placed skids down which the shovel was to be driven.

Weedon took a position at the side of the trailer and the defendant, Polmanteer, an employee of Dan-Bar, then commenced to unload the shovel. He started the motor on the shovel, raised the shovel bucket from the rear end of the trailer and started to swing the boom and shovel bucket around so that the boom would be at right angles to the length of the trailer when the shovel was being driven down the skids. In the course of this operation the shovel bucket dropped and struck Weedon, causing severe bodily injuries.

The present litigation results from certain policies of insurance carried by Carpenter and Dan-Bar. Prior to the date of the accident the plaintiff, Standard Surety and Casualty Company of New York, (hereinafter referred to as Standard) had issued to Dan-Bar a public liability policy indemnifying the insured, among other things, for liability arising out of the operations of Dan-Bar.

The policy defined the word " insured " as follows: " The unqualified word ' Insured ' wherever used includes not only the Named Insured but also any partner, executive officer, director, or stockholder thereof, but only for his liability as such."

Among the conditions of the policy the following is contained in paragraph 13: " 13. *Subrogation.* In the event of any payment under this policy the company shall be subrogated to all the insured's rights of recovery therefor and the insured shall execute all papers required and shall do everything that may be necessary to secure such rights."

Prior to the date of the accident the defendant, Maryland Casualty Company (hereinafter called Maryland) had issued to Carpenter an insurance policy covering the Chevrolet truck and trailer under the terms of which Maryland extended coverage to Carpenter, as the named insured therein, and agreed to defend Carpenter and pay all claims for personal injury and/or property damage for each accident involving the truck and trailer up to $25,000 for bodily injury to each person and $50,000 for each accident.

The policy contained certain provisions, among others, which appear to have a bearing upon the issues before the court.

Under the heading of " Insuring Agreements " paragraph I A, II(a) and a portion of IV provided as follows:

" I. Coverage A — Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of any automobile."

" II. Defense, Settlement, Supplementary Payments. It is further agreed that as respects insurance afforded by this policy the company shall (a) defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company shall have the right to

make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the company."

" IV. Definition of ' Insured '. The unqualified word ' insured ' wherever used includes not only the named insured but also any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use is with the permission of the named insured ".

Under the heading of " Exclusions " it was provided as follows: " This policy does not apply: * * * (d) under Coverage A, to bodily injury to or death of any employee of the insured while engaged in the business, other than domestic employment, of the insured, or while engaged in the operation, maintenance or repair of any automobile; or to any obligation for which the insured may be held liable under any workmen's compensation law."

Under the heading " CONDITIONS " paragraph 4 defined the purposes of use and subdivision (c) thereof provided that " Use of the automobile for the purposes stated includes the loading and unloading thereof."

On January 10, 1947, Weedon commenced an action in this court against Dan-Bar to recover damages for injuries alleged to have been sustained by him as a result of being struck by the power shovel and arising out of the claimed negligence of Dan-Bar's employee, Polmanteer. Subsequently Dan-Bar brought in Polmanteer as a third-party defendant and sought to recover from Polmanteer the amount of any judgment which Weedon might recover against Dan-Bar. Polmanteer did not appear or answer.

Subsequent to the commencement of the action by Weedon, Standard and Dan-Bar requested Maryland to assume the defense of Dan-Bar in the Weedon action and to pay the judgment, if any, obtained by Weedon against Dan-Bar. Maryland refused to do so.

On December 6, 1948, and subsequent to the institution of this action Standard obtained a settlement and discontinuance of the Weedon action against Dan-Bar by paying to Weedon under Standard's policy the sum of $6,250. This payment was made with the knowledge of Maryland.

The parties have stipulated that at the time of the accident Dan-Bar and Polmanteer were using the truck and trailer with the consent and permission of the owner Carpenter in unloading the power shovel.

A motion had previously been made in this action by Standard to strike out certain defenses in the answer of Maryland. The latter had also moved for summary judgment dismissing the complaint. These motions have been abandoned and the action submitted for decision upon the stipulated facts.

It is the claim of Standard that it is entitled to a declaration that Maryland had the sole obligation to defend Dan-Bar and Polmanteer in the Weedon action and to pay any recovery had by Weedon because both were insured parties under the provisions of the Maryland policy issued to Carpenter; that Dan-Bar is entitled to recover over from Polmanteer and that Standard under the subrogation clause in its policy is entitled to make this same recovery from Polmanteer. It contends that Maryland having covered Polmanteer, in the unloading of the power shovel, as an additional insured, becomes liable to the plaintiff.

It is the contention of Maryland that the policy issued by it to Carpenter would not cover a judgment of Weedon against Carpenter because the claim is for bodily injury to an employee which is excluded under the express terms of the policy. It takes the position that the omnibus clause in the policy should be construed so as to indemnify an additional insured only to the same extent as if the vehicle had been operated by the named insured and not so as to give the additional insured protection which would not be available if the vehicle had been operated by the named insured.

Subdivision 2 of section 167 of the Insurance Law provides in part as follows: '' 2. No policy or contract of personal injury liability insurance or of property damage liability 'insurance, covering liability arising from the ownership, maintenance or operation of any motor vehicle shall be issued or delivered in this state to the owner of such vehicle, * * * unless it contains a provision insuring the named insured against liability for death or injury sustained, or loss or damage occasioned within the coverage of the policy or contract as a result of negligence in the operation or use of such vehicle by any person operating or using the same with the permission, express or implied, of the named insured.''

This requirement for an extended liability clause in automobile liability policies was first enacted in 1924 (L. 1924, ch. 639) as paragraph 3 of section 109. It was enacted to correlate with section 282-e of the Highway Law (now Vehicle and Traffic Law, § 59) which made the owner of a motor vehicle liable for the negligence of any person using the vehicle with the permission of the owner.

It was said in *Lavine* v. *Indemnity Ins. Co.* (260 N. Y. 399, 407) that " the primary purpose of the extended liability clause contained in section 109 [now 167] is to meet the defense in an action on the policy that the owner was not at the time of the accident operating the car personally or by his agent, although it was being operated by a member of his family or another with his consent, express or implied. The purpose is not to make insurance compulsory or to prevent limitation of coverage."

Turning to the definition of the word " insured " as contained in the Maryland policy its language appears very clear. It says that " the unqualified word ' insured ' wherever used includes not only the named insured but also any person while using an owned automobile  *  *  *  provided the actual use is with the permission of the named insured ".

It further provided that the provisions of the paragraph did not apply to certain classes of persons. These included an additional insured person with respect to bodily injuries to a named insured (cf. *Johnson* v. *Employers' Liability Assur. Corp.,* 158 Misc. 758, revd. on other grounds 249 App. Div. 906), and an employee of an insured with respect to a bodily injury action brought by a fellow employee injured in the course of employment in an accident arising out of the use of the automboile in the business of the insured.

It seems clear, therefore, that under this definition of the word " insured " the policy is to be construed that wherever the term " named insured " is employed, it refers only to the person specifically designated upon the face of the contract; but whenever the unqualified term " insured " is used, it includes not only the named insured but such other persons as are protected by the omnibus clause. (7 Appleman, Insurance Law and Practice, § 4354; *Madison* v. *Steller*, 226 Wis. 86; *Connelly* v. *London & Lancashire Ind. Co.*, 68 R. I. 446.)

In the *Madison* case (*supra*, pp. 90–91) the court said: " Without a definitive clause of some sort, it might very plausibly be contended that in some sections the unqualified term ' assured ' meant only the named assured, and that in others it meant or included the additional insured. To avoid this confusion, the definitive clause was inserted in the policy, and we consider that its meaning is so clear as not to be subject to construction. By this clause the unqualified term ' assured ' is assigned a definite meaning. It is provided that in every instance it shall include the person entitled to protection under the policy. The clause expressly makes the term ' named assured ' apply solely to the person to whom the policy was issued. As a result of the clause,

it is perfectly plain that the term ' assured ' refers in every instance to the named assured, and, when it is qualified by the word ' named,' it applies solely to him.''

Turning to the exclusion provisions of the policy it is found that under clause (d) the policy does not apply, among other things, to bodily injury of any employee of the insured while engaged in the business of the insured or to any obligation for which the insured may be held liable under any workmen's compensation law.

The word '' insured '' as used in this clause includes Carpenter, the named insured. It is a stipulated fact that '' Weedon was at all times an employee of Carpenter only '' and further that '' at the time of his injury was engaged in business of Carpenter.''

The conclusion is reached that the policy issued by Maryland did not cover the bodily injuries received by Weedon while engaged in the business of his employer, the named insured Carpenter.

Therefore, the relationship of insurer and insured did not exist between Maryland and Dan-Bar or Polmanteer under Carpenter's policy as to the liability of Dan-Bar or Polmanteer for the claim of Weedon.

The court finds it unnecessary to pass upon the other defense raised by Maryland that the policy does not apply to any obligation for which the insured might be held liable under any workmen's compensation law.

This conclusion does not seem to be harsh or inequitable. True it may be that a bystander injured under the same circumstances as Weedon would have had a cause of action against Carpenter as well as against Dan-Bar and Polmanteer. Such action against Carpenter his insurer, Maryland, would have been bound to defend and required to pay any recovery.

Carpenter and Maryland, however, saw fit to enter into a contract which excluded from its coverage bodily injuries received by Carpenter's employees while engaged in his business. It appears that Weedon was protected by the Workmen's Compensation Act and Carpenter carried insurance in accordance therewith. This, however, would have no direct bearing upon the problem before us. (Cf. *Green* v. *Travelers Ins. Co.,* 286 N. Y. 358.)

In the light of the history of present section 167 of the Insurance Law and the purpose for which that section was enacted it is impossible to find any legislative intent or any provision in the Maryland policy that Polmanteer, as an additional insured,

was entitled to any greater protection under the policy than Carpenter had. If under the facts the contract between Maryland and Carpenter did not cover the latter, neither statute, public policy nor the provisions of the contract require or demand that additional protection be afforded to Polmanteer.

It has been stipulated that Weedon's injuries were due solely to the negligence of Polmanteer acting in the scope of his employment for Dan-Bar. This was one of the hazards Standard insured Dan-Bar against. It may have a right of recovery over against Polmanteer but in the face of the exclusion clause in the Maryland policy it may not call upon Maryland in connection with Weedon's injuries.

A declaratory judgment based upon this decision may be settled upon five days' notice if the parties are unable to agree thereon.