ÆTNA CASUALTY AND SURETY COMPANY, Plaintiff, *v.* GENERAL CASUALTY COMPANY OF AMERICA, Defendant.

First Department, May 10, 1955.

*Olin S. Nye* of counsel (*William S. O'Connor,* attorney), for plaintiff.

*John G. Reilly* of counsel (*Harold V. McCoy* with him on the brief; *Reilly & Reilly,* attorneys), for defendant.

*James B. Donovan* of counsel (*Edward V. Gross* with him on the brief; *Watters & Donovan,* attorneys, for National Bureau of Casualty Underwriters; *William A. Jordan,* attorney, for Mutual Insurance Rating Bureau), *amici curiæ.*

COHN, J. This is a submission of a controversy in which the following facts have been stipulated:

Defendant issued an automobile liability policy of insurance on an automobile owned by one Paul Goldberg. A similar policy

was issued by plaintiff on an automobile owned by one Harold Winderbaum. Both policies were in force on February 4, 1951, when, in South Carolina, the Goldberg car, driven by Winderbaum with Goldberg's permission and while Goldberg was a passenger, collided with an automobile owned by a third party, injuring three of its occupants. The persons in the third party's car instituted actions against Winderbaum in South Carolina charging him with the negligent operation of the Goldberg car. Defendant assumed the defense of the actions and subsequently settled the cases and paid the damage claims asserted therein.

Thereafter Goldberg, who had been riding in his own car, brought suit in the Supreme Court, Bronx County, against Winderbaum to recover damages for the personal injuries he had sustained in the accident. Defendant refused to defend Goldberg's action contending that coverage under its policy did not extend to a personal injury claim against Winderbaum by the named insured. Consequently plaintiff took over defense of the action under the policy it had issued to Winderbaum and caused a third-party action to be instituted against defendant herein, alleging that defendant had insured Winderbaum against Goldberg's claim. Pursuant to an arrangement between the parties, plaintiff paid Goldberg $3,000 in settlement of his claim and the controversy between the two insurance carriers was submitted to this court for determination upon an agreed statement of facts under sections 546 to 548 of the Civil Practice Act. For the purposes of the submission it is conceded that Goldberg's injuries were caused by Winderbaum's negligence and that Goldberg was free from contributory negligence.

The issue presented for determination is whether the policy issued by defendant covered a personal injury claim asserted by Goldberg, the owner of the car, against Winderbaum, the person whose negligence caused the injuries while operating the named insured's car with the latter's permission.

The protection afforded by defendant's policy attached to the car and was available to anyone using it with the owner's permission. The coverage provisions of the policy obligated defendant: " To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile."

The word " insured " as used in the coverage provisions of the policy is defined in the following language: " With respect to the insurance for bodily injury liability * * * the

unqualified word ' insured ' includes the named insured and also includes any person while using the automobile  *  *  * provided the actual use of the automobile is by the named insured or with his permission.''

The foregoing provisions are free of any ambiguity.  Considered together, they express an undertaking on the part of defendant to indemnify an authorized user against any personal injury claim he becomes legally obligated to pay because of his operation of the car, regardless of who makes the claim against him.  The coverage afforded is full and complete, save for certain limitations imposed by exclusionary clauses not here pertinent.

The rule is well settled that the language used in an insurance contract must be given its ordinary meaning such as the average policyholder of ordinary intelligence, as well as the insurer, would attach to it.  If an exclusion of liability is intended which is not apparent from the language employed, it is the insurer's responsibility to make such intention clearly known.  (*Morgan* v. *Greater N. Y. Taxpayers Mut. Ins. Assn.*, 305 N. Y. 243, 248, CONWAY, J.; *Whiteside* v. *Insurance Co. of State of Pa.*, 274 App. Div. 36, 38, 39, motion for leave to appeal to the Court of Appeals denied 274 App. Div. 875 [1st Dept.].)

It plainly appears that Winderbaum was covered by defendant's policy at the time of the accident and entitled to its protection.  By its definition of '' insured '', defendant made the benefits of the policy available to Winderbaum with the same force and effect as if he had been the named insured.  Defendant recognized its obligation to Winderbaum when it assumed the defense of the South Carolina actions brought by third parties against him, but it disclaims liability with respect to Goldberg's injuries because he was the named insured.  Its disclaimer is based upon a nonexistent exception and is an unjustifiable repudiation of the clear language it adopted when it formulated its insurance contract.

In relation to Winderbaum, defendant agreed to pay all sums which he might become '' legally obligated '' to pay.  It was therefore under a duty to discharge Goldberg's claim for personal injuries because, according to the facts stipulated, it was a claim which Winderbaum had become '' legally obligated '' to pay and would have been compelled to pay had he carried no insurance of his own.  That Winderbaum was also insured and that his carrier paid the claim, are fortuitous circumstances which do not relieve defendant of its liability.

Defendant suggests that if it be compelled to pay Goldberg's claim it would be giving Winderbaum more protection than it had agreed to give the named insured. This is not so. Had Goldberg been driving at the time of the accident, his injuries would not be compensable under the policy because he could not become "legally obligated" to himself (*Bailey* v. *Metropolitan Cas. Ins. Co.,* 89 Ga. App. 53). However, he was fully protected against claims for injuries sustained by others. Save for his own injuries, he would not be out-of-pocket by reason of any injuries he may have caused to others. Winderbaum, as an insured within the meaning of the policy, was entitled to the same protection. He would not receive it if in addition to his own injuries he is obligated to assume the financial responsibility of the injuries sustained by the named insured.

Defendant was not required to insure an authorized driver against a personal injury claim of the named insured. Nor was it prevented from doing so by statute or otherwise. It was entirely free to include or exclude such claims at the time it wrote the policy. It exercised its right in this respect by expressly excluding from coverage, property damage claims by the "insured" but remained silent as to personal injury claims. By expressly excluding one and not the other, it necessarily conveyed to the policyholder the fact that his premiums purchased protection for the authorized driver against personal injury claims by the named insured.

Although not one of the facts stipulated, it is undisputed that the form of automobile liability policy used by defendant formerly contained a provision expressly excluding personal injury claims of the named insured. In 1947, when its form in conformity with the standard form of automobile liability policy was revised, the exclusionary provision was deliberately eliminated. Thus, defendant knew or should have known that coverage would extend to a personal injury claim of the named insured unless clearly excluded.

Coverage provisions of automobile liability policies have been construed by courts in other jurisdictions as extending to claims by the named insured in the absence of language clearly indicating that they were to be excluded. (*Archer* v. *General Cas. Co. of Wis.,* 219 Wis. 100; *Howe* v. *Howe,* 87 N. H. 338; *Bachman* v. *Independence Ind. Co.,* 214 Cal. 529; *Union Auto Ins. Co.* v. *Samelson,* 71 Col. 479; *Hardtner* v. *Ætna Cas. & Sur. Co.,* 189 So. 365 [La.]; *Farmer* v. *United States Fidelity & Guar. Co.,* 11 F. Supp. 542; see, also, *Johnson* v. *Employers' Liability Assur. Corp.,* 158 Misc. 758, revd. on other grounds 249 App.

Div. 906 [3d Dept.]). In cases where coverage was found not to exist, as with policies issued under the Massachusetts Compulsory Automobile Insurance Law, the coverage provisions themselves were so worded as to except claims by the named insured. The latter and the one driving with his permission were protected only against liability " to others ", that is, persons other than those who fell within the definition of " insured ". (*Cain* v. *American Policyholders' Ins. Co.*, 120 Conn. 645; *MacBey* v. *Hartford Accident & Ind. Co.*, 292 Mass. 105.)

The co-operation and subrogation provisions of defendant's policy do not militate against a construction extending coverage to a claim by the named insured. Those provisions become operative only if coverage exists. Consequently, they can have no bearing on the question of coverage, especially where, as here, the policy provisions unequivocally extend coverage to personal injury claims by the named insured. Defendant's liability stems from its agreement to indemnify Winderbaum and not because of any direct obligation it owed to Goldberg under the policy. In order to discharge its obligation to Winderbaum, it results that defendant is required to reimburse plaintiff for the amount it paid on Winderbaum's behalf.

Accordingly, judgment should be directed in favor of plaintiff without costs, as provided in the submission.

PECK, P. J., BREITEL, BASTOW and RABIN, JJ., concur.

Judgment unanimously directed in favor of the plaintiff, without costs, as provided in the submission. Settle order on notice.