ARCHER, Respondent, vs. GENERAL CASUALTY COMPANY OF WISCONSIN, Appellant.

*May 2—September 10, 1935.*

101

From an order overruling a demurrer to the complaint, the defendant appeals.

For the appellant there was a brief by *Hannan, Johnson & Goldschmidt,* attorneys, and *Martin R. Paulsen* of counsel, all of Milwaukee, and oral argument by *Mr. Paulsen.*

For the respondent there was a brief by *Lines, Spooner & Quarles,* attorneys, and *L. S. Clemons* of counsel, all of Milwaukee, and oral argument by *Mr. Clemons.*

The following opinion was filed June 4, 1935:

ROSENBERRY, C. J.    It is contended here on behalf of the defendant that, because the plaintiff was named as assured in the policy, she cannot maintain an action against her husband, who was assured with her because she is not a third-party beneficiary.   A consideration of the terms of the policy shows that it assured Dallas L. Archer against loss or expense arising or resulting from claims against the assured for damages, etc. It could not be contended that, if Dallas L. Archer were driving this car alone upon his own business and negligently injured a third person, he was not protected by the terms of the policy because Mabel E. Archer was not liable with him.   The policy assures each of the assured against loss, etc., on account of bodily injuries suffered by reason of the ownership and use of the automobile described in the schedule.   The plaintiff here was not entitled to recover against the railway company, but she was entitled to recover against her husband because he negligently operated the automobile owned by them jointly.   He has sustained a liability for bodily injury accidentally suffered by reason of his negligent operation of the automobile.   If he is protected against such a liability by the terms of the policy, that protection is as much for the benefit of the plaintiff as it would be for a person not named in the contract.

It was conceded upon the oral argument, and we think advisedly, that, if Archer had paid the judgment, he could

recover from the defendant. We see no reason under the statute why the plaintiff may not recover from the defendant. Under the facts and circumstances of this case she is a third person. She does not claim as an assured. If the plaintiff and her husband had been held jointly liable and she had paid the judgment and was seeking to recover contribution from her husband, the arguments made on behalf of the defendant here would have greater validity. This situation of course could not arise because under the terms of the policy the liability in the first instance would be discharged by the insurance company, but it illustrates the fallacy of defendant's argument. Plaintiff makes no claim in this case on account of the policy having been issued to her. Her claim is based upon the fact that she has a claim against her husband, who is insured against loss by reason of the ownership and use of the automobile.

It is true, as held in *Bergstein v. Popkin,* 202 Wis. 625, 233 N. W. 572, that a third party has no greater nor more extensive right under the terms of the policy than the original parties to the contract, but there is no limitation contained in the policy which excludes the right of recovery by the plaintiff under the facts of this case, although there are many other limitations.

The reasoning in the case of *Bachman v. Independence Indemnity Co.* 214 Cal. 529, 6 Pac. (2d) 943, sustains the conclusion we have reached in this case.

*By the Court.*—Order affirmed.

The following memorandum was filed September 10, 1935:

Per Curiam (*on motion for rehearing*). On motion for rehearing an error in the statement of facts is pointed out. In the opinion it is stated:

"It is contended here on behalf of the defendant that, because the plaintiff was named as assured in the policy, she

cannot maintain an action against her husband," etc., should read: "It is contended here on behalf of the defendant that, because the plaintiff is named as assured in the policy, she cannot maintain an action against her husband and the insurance carrier."

Motion for rehearing denied with $25 costs.