# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP858 |
| COMPLETE TITLE: | Vicki L. Blasing, |
| |              Plaintiff, |
| |     v. |
| | Zurich American Insurance Company and Menard, Inc., |
| |              Defendants-Appellants, |
| | Jefferson County Human Services Department, |
| |              Defendant, |
| | American Family Mutual Insurance Company, |
| |              Intervenor-Respondent-Petitioner. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
Reported at 346 Wis. 2d 30, 827 N.W.2d 909
(Ct. App. 2013 – Published)
PDC No.: 2013 WI App 27

| | |
|---|---|
| OPINION FILED: | July 17, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | October 15, 2013 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | Circuit |
|   COUNTY: | Jefferson |
|   JUDGE: | William F. Hue |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | ROGGENSACK, ZIEGLER, GABLEMAN, JJJ., dissent. (Opinion filed.) |
|   NOT PARTICIPATING: | |

ATTORNEYS:

For the intervenor-respondent-petitioner, there were briefs by *David J. Pliner, Chester A. Isaacson,* and *Corneille Law Group, LLC*, Madison, and oral argument by *David J. Pliner*.

For the defendants-appellants, there were briefs by *Jeffrey S. Fertl, Melissa J. Lauritch,* and *Hinshaw & Culbertson LLP*, Milwaukee, and oral argument by *Jeffrey S. Fertl*.

An amicus curiae brief was filed by *James A. Friedman*, *Jonathan T. Smies*, and *Godfrey & Kahn, S.C.*, Madison, on behalf of the Wisconsin Insurance Alliance.

**2014 WI 73**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2012AP858
(L.C. No. 2011CV71)

STATE OF WISCONSIN                    :           IN SUPREME COURT

Vicki L. Blasing,

       Plaintiff,

    v.

Zurich American Insurance Company and Menard, Inc.,

       Defendants-Appellants,

Jefferson County Human Services Department,

       Defendant,

American Family Mutual Insurance Company,

       Intervenor-Respondent-Petitioner.

**FILED**

**JUL 17, 2014**

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Affirmed*

¶1    SHIRLEY S. ABRAHAMSON, C.J.    This is a review of a published decision of the court of appeals reversing an order of the circuit court for Jefferson County, William F. Hue, Judge, and remanding the cause for further proceedings.[1]    The circuit court granted American Family Insurance Company's motion for summary judgment, ruling that American Family had no duty to defend or indemnify under its automobile liability insurance policy.    The court of appeals reversed the order of the circuit court, holding against American Family.    We affirm the decision of the court of appeals.

¶2    Vicki Blasing, the plaintiff, was injured when lumber that was being loaded into her pickup truck by an employee of Menard, Inc. fell on her foot.    Vicki Blasing is the named insured in the American Family policy.

¶3    The plaintiff, a named insured, brought a tort action for personal injury damages against Menard and Zurich American Insurance Company.    The plaintiff did not sue the Menard employee.    Menard's potential liability is vicarious liability for the torts of its employee.    Menard claims its employee is an insured under the American Family policy, as a permissive user of the plaintiff's pickup truck.    Menard is insured under a

---

[1] Blasing v. Zurich Am. Ins. Co., 2013 WI App 27, 346 Wis. 2d 30, 827 N.W.2d 909.

2

separate general liability insurance policy issued by Zurich Insurance to Menard.

¶4 Let us begin by stating what is and what is not at issue before the court.

¶5 The ultimate question before the court is whether American Family has a duty to defend and indemnify Menard when the injury was to the named insured under the American Family policy and the alleged tortfeasor (a Menard employee) was a permissive user of the vehicle insured under the American Family policy.

¶6 What is not before the court are the merits of the personal injury action; the plaintiff's personal injury action has been stayed pending resolution of this insurance policy dispute.

¶7 What is not before the court are the obligations of Zurich Insurance under its general liability insurance policy insuring Menard and the respective duties of American Family and Zurich Insurance if the court holds that American Family has a duty to defend and indemnify in the present case. The Zurich Insurance policy is not in the record, and the parties are not debating Zurich Insurance's obligations in isolation or in relationship to the obligations of American Family. Any such dispute between American Family and Zurich Insurance is for another day. The parties apparently agree that the Zurich Insurance policy will fully cover Menard's liability, if any, for damages, if any, incurred by the plaintiff.

¶8  The issue presented in the present case, simply stated, is whether American Family is obliged under the policy it sold to the named insured-plaintiff in the present case to defend and indemnify an alleged tortfeasor when the tortfeasor is a permissive user of the insured vehicle and the plaintiff-injured victim is the named insured.[2]

¶9  In order to answer this question, the court must address three separate inquiries.

¶10  First: Do the alleged tortfeasor's actions constitute a "use" of the pickup truck under the American Family liability policy?

¶11  Second: Does American Family's automobile liability insurance policy require American Family to defend and indemnify a permissive user tortfeasor when the injured victim is the named insured under the policy?  The key and sole argument made by American Family and by the non-party Wisconsin Insurance Alliance is that interpreting American Family's policy to provide a permissive user tortfeasor defense and indemnity for injury to the named insured creates an absurd result.

---

[2] The court of appeals similarly stated the issue as follows:  "The question here is whether American Family must defend Menards and provide coverage if it is determined that the Menards employee negligently injured Blasing." Blasing v. Zurich Am. Ins. Co., 2013 WI App 27, ¶1, 346 Wis. 2d 30, 827 N.W.2d 909.

The court of appeals concluded that American Family has a duty to defend and indemnify Menard in the present case under its policy. Blasing, 346 Wis. 2d 30, ¶31.

The dissent addresses issues not argued or briefed.

4

¶12 Third: The third question as phrased by American Family is as follows:  "Does the concept of a permissive user under the Omnibus Statute, [Wis. Stat.] § 632.32(3)(a) [2011-12],[3] require an injured person's own liability insurer to defend and indemnify the tortfeasor who injured the insured, [when] the tortfeasor has its own liability insurance?" (Emphasis and footnote added.)  This statement of the issue speaks in terms of the concept of the omnibus statute and other insurance coverage available to the permissive user tortfeasor.

¶13 Zurich Insurance phrases the question somewhat differently, referring directly to the omnibus statute and omitting any reference to the permissive user having its own liability insurance:  "Does the omnibus statute, Wis. Stat. § 632.32(3)(a), require that an automobile insurer defend and indemnify a negligent tortfeasor who injures the named insured,

---

[3] The omnibus statute, Wis. Stat. § 632.32(3), provides as follows:

Required provisions.  Except as provided in sub. (5), every policy subject to this section issued to an owner shall provide that:

(a) Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.

(b) Coverage extends to any person legally responsible for the use of the motor vehicle.

All subsequent references to the Wisconsin Statutes are to the 2011-2012 version unless otherwise indicated.

where the tortfeasor was a permissive user of the insured vehicle?"

¶14 The court of appeals answered the first two questions in the affirmative and answered the third question by stating, "[P]ermissive user coverage is required in this case by the omnibus statute, Wis. Stat. § 632.32."[4]

¶15 American Family asks us to reverse the court of appeals and hold that the American Family policy does not cover the liability of a permissive user tortfeasor who injures a named insured because such a result is absurd; "insurance policies should be given a reasonable interpretation and not one which leads to an absurd result."[5]

¶16 We are not convinced by American Family's argument that the result that the court of appeals reached and that we reach is absurd. Rather, the American Family policy explicitly provides coverage in the present case: The policy promises to cover any insured for liability for damages to <u>any person</u>. It does not exclude recovery by an injured victim who happens to be

---

[4] <u>Blasing</u>, 346 Wis. 2d 30, ¶3.

[5] <u>Olguin v. Allstate Ins. Co.</u>, 71 Wis. 2d 160, 165, 237 N.W.2d 694 (1976). An interpretation is absurd when the application of a policy to a specific fact pattern would produce an unreasonable result. <u>See</u> <u>Bethke v. Auto-Owners Ins. Co.</u>, 2013 WI 16, ¶¶55-56, 345 Wis. 2d 533, 825 N.W.2d 482 (holding that an unambiguous policy could still be held to require coverage if doing otherwise would lead to an unreasonable result); <u>Schinner v. Gundrum</u>, 2013 WI 71, ¶91, 349 Wis. 2d 529, 833 N.W.2d 685 (refusing on absurdity grounds to interpret a policy in such a way that defies "common sense"). For a general discussion of the case law on absurdity, see 1 Arnold P. Anderson, <u>Wisconsin Insurance Law</u> § 1.34 (6th ed. 2010).

the named insured or who happens to be another insured under the policy.

¶17 Our case law demonstrates that our holding today is not novel and has not been viewed as absurd or unreasonable in past cases. Several Wisconsin cases have held that the named insured under an automobile liability insurance policy is not precluded from recovering on the policy when an additional insured, while using the vehicle within the terms of the policy, inflicts injury upon the named insured.[6] Indeed, Wisconsin case law has followed what appears to be the majority rule "recognizing that the named insured under an automobile liability insurance policy may recover from the insurer when injured by another insured under the policy."[7] "In the greater

---

[6] "Being an additional insured does not bar one from recovery from the insurer for the negligence of the insured." Blashaski v. Classified Risk Ins. Corp., 48 Wis. 2d 169, 176, 179 N.W.2d 924 (1970). See also Utica Mut. Ins. Co. v. Prudential Prop. & Cas. Ins. Co., 477 N.Y.S.2d 657 (App. Div. 1984); Aetna Cas. & Sur. Co. v. Gen. Cas. Co. of Am., 140 N.Y.S.2d 670 (App. Div. 1955) (listing additional cases from other jurisdictions holding the named insured's policy covers injury to the named insured).

[7] L.C. Di Stasi, Jr., Automobile Liability Insurance Policy as Covering, in the Absence of Specific Exclusion, Personal Injury or Death of, or Loss Sustained by, Named or Additional Insured, 15 A.L.R. 3d 711, §§ 2, 3[a] (1967) (citing Archer v. Gen. Cas. Co. of Wis., 219 Wis. 100, 261 N.W. 9 (1935), reh'g denied, 219 Wis. 103, 262 N.W. 257 (1935)).

number of cases, the courts . . . have sustained the right of the named insured . . . to recover under an automobile liability policy for an injury to . . . such insured." 7A Steven Plitt et al., Couch on Insurance 3d § 110:14 (2013).

¶18 Because we dispose of the instant case based on the text of the American Family policy, we need not and do not address the third question, namely whether exclusion of coverage of injury to the named insured contravenes the omnibus statute. An answer to this question would require us to determine the validity of a hypothetical provision in a hypothetical policy. We do not know the exact policy exclusion language or the facts.

¶19 For the reasons set forth, we affirm the decision of the court of appeals.

I

¶20 This case requires us to interpret and apply an insurance policy and a statute to undisputed facts. The interpretation of a statute and insurance policy and their application to undisputed facts ordinarily present questions of law that this court decides independently of the circuit court

---

Two jurisdictions have apparently ruled that named insureds are not covered for injuries resulting from the actions of permissive user tortfeasors. See MacBey v. Hartford Accident & Indem. Co., 197 N.E. 516 (Mass. 1935); Cain v. Am. Policyholders' Ins. Co., 183 A. 403 (Conn. 1936). Compare MacBey (holding that a named insured was not covered for injuries sustained while the car was operated by a permissive user), with Transamerica Ins. Co. v. Norfolk & Dedham Mut. Fire Ins. Co., 279 N.E.2d 686, 688 (Mass. 1972) (holding that the omnibus clause's use of the words "'by any person' includes the insured").

or court of appeals, but benefiting from their analyses. Showers Appraisals, LLC v. Musson Bros., 2013 WI 79, ¶21, 350 Wis. 2d 509, 835 N.W.2d 226; Schinner v. Gundrum, 2013 WI 71, ¶35, 349 Wis. 2d 529, 833 N.W.2d 685.[8]

¶21 We review a grant of summary judgment de novo, using the same methodology as the circuit court. Schinner, 349 Wis. 2d 529, ¶36. Summary judgment is proper when the record demonstrates that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law. Wis. Stat. § 802.08(2); Schinner, 349 Wis. 2d 529, ¶36.

## II

¶22 The facts surrounding the alleged incident and injuries are undisputed for purposes of this review. On September 16, 2008, the named insured-plaintiff, Vicki Blasing, visited a store owned and operated by Menard, Inc. in the Village of Johnson Creek, Jefferson County, Wisconsin, to pick up lumber she had purchased at Menard. She drove her 1990 Chevrolet pickup truck to the store and parked it in a lumberyard area.

¶23 An employee of Menard used a forklift to place the purchased lumber into the plaintiff's pickup truck, which was insured by the American Family policy. The plaintiff stood near the rear passenger side of her truck. While the employee was

---

[8] Courts "construe ambiguities in coverage in favor of the insureds and narrowly construe exclusions against insurers." Folkman v. Quamme, 2003 WI 116, ¶16, 264 Wis. 2d 617, 665 N.W.2d 857.

attempting to place the lumber into the pickup truck, some of the lumber fell and hit the plaintiff's foot.

¶24 The plaintiff initiated a personal injury action against Menard and Zurich Insurance, Menard's insurer, on January 24, 2011, for injuries arising out of the falling lumber incident, alleging both common-law negligence and a violation of the Wisconsin Safe Place Statute, Wis. Stat. § 101.11. It appears to be undisputed that the Zurich Insurance policy will fully indemnify Menard and fully compensate the plaintiff for her injuries if the plaintiff proves her case against Menard on its merits.

¶25 Menard tendered its defense to American Family on May 31, 2011, arguing that it was an insured under the terms of the American Family policy. American Family agreed to defend Menard under a reservation of rights.

¶26 American Family subsequently intervened in the plaintiff's tort action against Menard and Zurich Insurance. It moved for summary judgment, requesting a ruling that American Family is not required to defend or indemnify Menard for the activities of the Menard employee under either the American Family policy or the omnibus statute.

¶27 Menard and Zurich Insurance moved for declaratory judgment, seeking a declaration that American Family has a duty to indemnify and defend Menard under the permissive user provisions of the American Family policy and under the omnibus statute.

10

¶28 The circuit court granted American Family's summary judgment motion and denied Menard's motion for a declaratory judgment, reasoning that the parties to the policy did not contemplate that there would be coverage for a permissive user tortfeasor injuring the named insured premium-paying policyholder.

¶29 The court of appeals reversed the order of the circuit court, holding that American Family had a duty to defend and indemnify Menard under the American Family automobile liability policy insuring the plaintiff and under the omnibus statute.

III

¶30 We first determine whether the tortfeasor's actions constituted a "use" of the pickup truck under the American Family automobile liability insurance policy.

¶31 The American Family policy provides coverage to permissive users. The American Family policy includes the following relevant coverage language:

> We will pay compensatory damages an insured person is legally liable for because of bodily injury and property damage due to the <u>use</u> of a car or utility trailer.

> We will defend any suit or settle any claim for damages payable under this policy as we think proper (emphasis added).

¶32 The American Family policy defines "bodily injury" to mean bodily injury to, sickness, disease, or death <u>of any person</u>. In other words, the policy does not exclude bodily injury to a named insured or any other insured.

11

¶33 The policy goes on to define "insured person" or "insured persons" to mean the named insured (i.e., the policyholder), the named insured's relatives, or persons using the insured car with the named insured's permission, as follows:

Insured person or insured persons means:

1. You or a relative.

2. Any person using your insured car.

3. Any other person or organization. This applies only to legal liability for acts or omissions of:

> a. Any person covered under this Part while using your insured car. . . .

¶34 The policy enumerates some users who are not insureds under the policy, such as persons using the vehicle without the permission of the policyholder or persons exceeding the scope of the permission. None of these persons is involved in the present case. The alleged user in the present case is the Menard employee who dropped the lumber.

¶35 The policy defines "use" to mean "ownership, maintenance, or use" and provides that American Family will indemnify and defend an insured person for "bodily injury and property damage due to the use of a car or utility trailer."

¶36 The courts have had several opportunities to interpret the phrase "use of a vehicle" under both insurance policies and the omnibus statute.

¶37 Courts have interpreted "use" broadly. Use is not limited to the driving of the vehicle. "One does not have to be

12

driving or operating an automobile to be using it."[9] Our courts have interpreted "use" of a vehicle to include a wide range of non-driving activities, including: unloading a rifle from the vehicle, Allstate Ins. Co. v. Truck Ins. Exchange, 63 Wis. 2d 148, 216 N.W.2d 205 (1974);[10] loading and unloading a vehicle, Amery Motor Co. v. Corey, 46 Wis. 2d 291, 297, 174 N.W.2d 540 (1970); gesturing to a child to assist her in crossing a road, Garcia v. Regent Ins. Co., 167 Wis. 2d 287, 481 N.W.2d 660 (Ct. App. 1992); shooting game from the insured vehicle, Kemp v. Feltz, 174 Wis. 2d 406, 497 N.W.2d 751 (Ct. App. 1993); and loading a scrapped dump truck tailgate into a pickup truck under uninsured motorist coverage, Austin-White ex rel. Skow v. Young, 2005 WI App 52, 279 Wis. 2d 420, 694 N.W.2d 436.

¶38 A lead case defining "use" in an insurance policy is Lawver v. Boling, 71 Wis. 2d 408, 238 N.W.2d 514 (1976). In Lawver, the victim was injured when a rope and pulley system attached to a truck owned by the insured gave way. The dispute centered on whether the insured's negligence in using the rope

---

[9] Blashaski, 48 Wis. 2d at 174 (citing Kanios v. Frederick, 10 Wis. 2d 358, 103 N.W.2d 114 (1960)) (giving hand signals to traffic from a stopped vehicle); Wiedenhaupt v. Vander Loop, 5 Wis. 2d 311, 92 N.W.2d 815 (1958) (loading a parked truck)).

[10] "Persons actively engaged in loading and unloading the automobile in the commonly accepted meaning of those words are considered to be using or operating the automobile . . . ." Allstate Ins. Co. v. Truck Ins. Exchange, 63 Wis. 2d 148, 155, 216 N.W.2d 205 (1974) (quoting Amery Motor Co. v. Corey, 46 Wis. 2d 291, 297-99, 174 N.W.2d 540 (1970)).

13

and pulley system connected to the truck qualified as use of the truck under the policy.

¶39 The Lawver court explained that the question presented was whether the vehicle's connection with the conduct that gave rise to the injuries (and the negligence connected therewith) was sufficient to bring the conduct within the risk for which the parties to the insurance policy reasonably contemplated there would be coverage.[11] The Lawver court then stated that the reasonable contemplation of the parties to the insurance policy is usually determined by examining whether the alleged use is reasonably consistent with the inherent use of the vehicle. The Lawver court declared: "This question [of the reasonable contemplation of the parties] is usually resolved by determining whether the alleged 'use' is one which is reasonably consistent with the inherent nature of the vehicle."[12]

---

[11] "To determine if an accident arises out of the use of an automobile, the criterion is whether the activity is reasonably contemplated by the parties and consistent with the inherent purpose of an automobile." 1 Anderson, supra note 5, § 2.50.

See also 8 Lee R. Russ & Thomas F. Segalla, Couch on Insurance 3d § 111.31 (2005) ("'Use' of a vehicle includes more than driving or riding in an automobile; it extends to utilizing the vehicle as an instrumental means to an end in any manner intended or contemplated by the insured.").

[12] Lawver v. Boling, 71 Wis. 2d 408, 416, 238 N.W.2d 514 (1976).

"When a policy does not include the terms loading and unloading, the issue is whether the act in question was a natural and reasonable incident or a consequence of the use of the vehicle." 1 Anderson, supra note 5, § 2.51.

¶40  In Lawver, the court concluded that the injuries arose out of use of the truck, reasoning that when the insured vehicle is a pickup truck in a farm setting, it is reasonable to expect that it will be put to a variety of uses beyond the ordinary transportation of persons and goods from place to place, and that within the range of reasonable uses is its use as a power source in performing necessary farm repairs.[13]

¶41  Similarly, we conclude that loading an insured pickup truck with lumber is reasonably contemplated by the insured and insurer because it is consistent with the ordinary transportation of persons and goods inherent in the purpose of the pickup truck.  Thus, we conclude that under the American Family policy, the Menard employee was a permissive user and as such was an insured under the American Family policy. Accordingly, we answer the first question in the affirmative.

IV

¶42  We now address the second issue:  Does American Family's policy require American Family to defend and indemnify a permissive user tortfeasor when the injured victim is a named insured under the policy?

¶43  American Family relies solely on the argument that if the court requires American Family to defend and indemnify Menard, the result would be absurd, thus violating a cardinal

---

[13] Lawver, 71 Wis. 2d at 416.

rule of interpretation: A court's interpretation should avoid absurd or unreasonable results.[14]

¶44 The court of appeals concluded that the result is not unreasonable or absurd. We agree with the court of appeals, but we acknowledge, as did the court of appeals, that holding against American Family in the present case might appear to some to be anomalous, and we address a perceived anomaly.

¶45 One way of stating the anomaly is that American Family would be required to defend and possibly indemnify a tortfeasor who has injured the premium-paying named insured policyholder. The court of appeals recognizes that this result can be viewed as troubling because "an injured policyholder bringing suit against a tortfeasor would face an attorney supplied by her own insurance company, and . . . an eventual payout might come from her insurer."[15]

¶46 Put in perspective, this result is neither troubling nor anomalous. American Family drafted the policy, which the named insured accepted. In the policy, American Family "has a

---

[14] See Bethke, 345 Wis. 2d 533, ¶¶55-56 (holding that an unambiguous policy could still be held to require coverage if doing otherwise would lead to an unreasonable result); Schinner, 349 Wis. 2d 529, ¶91 (refusing on absurdity grounds to interpret a policy in such a way that defies "common sense"). For a general discussion of the absurdity case law, see 1 Anderson, supra note 5, § 1.34.

[15] Blasing, 346 Wis. 2d 30, ¶30.

contractual duty to defend its insured . . . ."[16] An insured under the American Family policy is the Menard employee. Thus, the result we reach is in accord with the policy.

¶47 American Family is not representing both the injured insured and the tortfeasor in the present case. The injured named insured must hire her own attorney to represent her against any tortfeasor; thus, American Family would not be representing or assisting the injured named insured in her lawsuit against the tortfeasor regardless of whether the tortfeasor was or was not an insured under the American Family policy.

¶48 Similarly, if the named insured were injured in a car collision with a third party who also had American Family liability automobile insurance, the named insured would face an attorney supplied by her own insurance company.[17] In such a case, both the injured named insured and the tortfeasor are paying premiums that support the defense of the tortfeasor against the injured named insured. This result may happen with some frequency and is not viewed as absurd.

---

[16] Mowry v. Badger State Mut. Cas. Co., 129 Wis. 2d 496, 527-28, 385 N.W.2d 171 (1986) (citing Gross v. Lloyds of London Ins. Co., 121 Wis. 2d 78, 84, 358 N.W.2d 266 (1984); U.S. Guarantee Co. v. Liberty Mut. Ins. Co., 244 Wis. 317, 321, 12 N.W.2d 59 (1943)).

[17] The court of appeals concluded that, "as American Family admits, a policyholder generally understands that his or her own insurance company may provide a defense to parties with interests adverse to the interests of the policyholder." Blasing, 346 Wis. 2d 30, ¶24.

¶49 A second way of stating the anomaly is that an automobile liability insurance policy ordinarily covers the liability of an insured for injury to third parties who are not insureds under the policy, rather than liability of an insured for an injury to an insured.[18] In other words, ordinarily the liability provisions of an automobile liability insurance policy do not insure the insured against an injury to the insured.

¶50 But in the instant case the named insured plaintiff is not making a claim against American Family for her injuries. The plaintiff is suing Menard and Zurich Insurance for her injuries as a third-party victim of Menard's tort, not as an insured under the American Family policy. The plaintiff's claim against Menard depends on Menard's liability to her as the third-party victim of Menard's tort. American Family is defending its insured, the Menard employee, against liability for injury to a person who for purposes of this lawsuit is a third party to the policy, not a named insured.

¶51 A third way of stating the anomaly is that providing coverage under an automobile liability insurance policy for a permissive user tortfeasor who allegedly negligently injures a named insured seems to provide greater coverage to the permissive user than to the named insured herself. In other words, providing coverage in the present case to the permissive

---

[18] A policy could, of course, include first-party coverage such as medical-payments coverage or uninsured and underinsured automobile liability insurance, but none of these provisions is at issue here.

18

user seems to give the permissive user coverage when injuring the named insured but would not give the named insured coverage when the named insured injured herself.  The named insured cannot be liable to herself.[19]  If the plaintiff in the present case had injured herself while loading her pickup truck at Menard, the American Family policy would not have been triggered.  Thus it appears that the permissive user receives coverage for an injury to the named insured, when the named insured cannot receive coverage for an injury to herself.

¶52 Yet a closer look reveals that the coverage for the permissive user is no broader than for the named insured.  No insured (including the named insured or a permissive user) is covered for negligently inflicted self-injury.  If the named insured had injured herself, her injury would not be covered, and if the permissive user had injured himself, his injury similarly would not be covered.  The American Family policy treats all insureds alike, including a named insured and the permissive user, covering all of them for liability for injury to another, regardless of whether the victim is also an insured.

¶53 A fourth way of describing the anomaly is that the Menard employee and Menard have liability insurance coverage with Zurich Insurance covering any possible liability to the plaintiff.  American Family places great emphasis in its absurdity argument on the fact that Menard and the Menard employee are covered by Zurich Insurance.  It is not clear

---

[19] See Blashaski, 48 Wis. 2d at 175-76.

whether American Family would be making the same argument that it has no duty to defend or indemnify if Zurich Insurance were not capable of fully indemnifying Menard and capable of paying the plaintiff's damages. It is not for this court in the present case to assign relative responsibility to the insurance companies for indemnification or defense. The only issue before us is whether American Family's policy provides coverage in the instant case. The issue before us at this stage of the proceedings is independent of the existence of the Zurich Insurance coverage and multiple applicable liability policies.

¶54 With regard to all four claimed anomalies, their roots are in the language of the American Family policy itself. The policy provides coverage to a permissive user tortfeasor for liability for personal injury to all persons. The policy does not except or exclude an insured's liability for an injury to another insured.

¶55 Our case law demonstrates that our holding today is not novel and has not been viewed as absurd or unreasonable in past cases. Several Wisconsin cases have held that the named insured under an automobile liability insurance policy is not precluded from recovering on the policy when an additional insured inflicts injury upon the named insured while using the vehicle within the terms of the policy.[20] Indeed, as we have

---

[20] See also Utica Mut. Ins. Co. v. Prudential Prop. & Cas. Ins. Co., 477 N.Y.S. 2d 658 (1984); Aetna Cas. & Sur. Co., 140 N.Y.S. 2d 670 (listing additional cases from other jurisdictions holding the named insured's policy covers injury to the named insured).

stated previously, Wisconsin case law has followed what appears to be the majority rule "recognizing that the named insured under an automobile liability insurance policy may recover from the insurer when injured by another insured under the policy."[21] "In the greater number of cases, the courts . . . have sustained the right of the named insured . . . to recover under an automobile liability policy for an injury to . . . such insured."  7A Steven Plitt et al., Couch on Insurance 3d § 110:14 (2013).

¶56  The Wisconsin rule is best illustrated by Archer v. General Casualty Co. of Wisconsin, 219 Wis. 100, 261 N.W. 9 (1935), reh'g denied, 219 Wis. 103, 262 N.W. 257 (1935).  In Archer, the wife and husband were both named insureds on their automobile liability insurance policy.  While the husband was driving, the wife suffered injuries when their car collided with a train.  The wife sued her husband and the railway company for damages.  After she recovered a judgment against her husband, she began an action against their insurer to recover the amount of the judgment.  The insurer argued that because the wife was a named insured, she could not recover for her injuries under the policy.  The court was unconvinced by the insurer's reasoning, stating that by the terms of the policy, protection is as much

"Being an additional insured does not bar one from recovery from the insurer for the negligence of the insured."  Blashaski, 48 Wis. 2d at 176.

[21] See note 7, supra.

for the benefit of the wife as it is for any other person not named in the policy:

> Plaintiff makes no claim in this case on account of the policy having been issued to her.  Her claim is based upon the fact that she has a claim against her husband, who is insured against loss by reason of the ownership and use of the automobile.
>
> It is true . . . that a third party has no greater nor more extensive right under the terms of the policy than the original parties to the contract, but there is no limitation contained in the policy which excludes the right of recovery by the plaintiff under the facts of this case . . . .

*Archer*, 219 Wis. at 103.  In *Archer*, that the victim was a named insured and that the tortfeasor was a named insured were irrelevant.  The victim brought the claim as a third-party rather than as a named insured.[22]

¶57  In the case at bar, the injured victim, the plaintiff, like the injured victim in *Archer*, is also the named insured. The injured victim brings her claim in the instant case, as in *Archer*, as a third-party victim, not as the named insured. Adhering to the principles of *Archer*, we conclude that under the facts and circumstances of the instant case, the plaintiff's

---

[22] "If the plaintiff and her husband had been held jointly liable and she had paid the judgment and was seeking to recover contribution from her husband, the arguments made on behalf of the defendant here would have greater validity."  *Archer v. Gen. Cas. Co. of Wis.*, 219 Wis. 100, 103, 261 N.W. 9 (1935), *reh'g denied*, 219 Wis. 103, 262 N.W. 257 (1935)).

identity as the named insured does not affect the coverage American Family affords to the permissive user tortfeasor.[23]

¶58 The rule in favor of coverage of the permissive user tortfeasor regardless of the identity of the victim as the named insured is further buttressed by Allstate Insurance Co. v. Truck Insurance Exchange, 63 Wis. 2d 148, 216 N.W.2d 205 (1974).

¶59 In the Allstate case, a passenger in an insured vehicle shot and killed the named insured driver when the passenger removed a hunting rifle from the insured vehicle. Clearly the insured driver, had he removed the rifle himself and injured himself, would not have been indemnified under his automobile liability insurance policy. Yet, the court determined that the driver's automobile liability policy afforded coverage to the permissive user passenger who allegedly negligently killed the named insured driver when the widow of the named insured brought a wrongful death action against the permissive user.

¶60 When the injured party was an insured but not the named insured, courts have concluded that the liability insurance policy provided coverage to the permissive user tortfeasor who injured an insured.

¶61 In Nelson v. Ohio Casualty Insurance Co., 29 Wis. 2d 315, 139 N.W.2d 33 (1966), both the injured person and

---

[23] See also Aetna Cas. & Sur. Co., 140 N.Y.S.2d 670 (citing Archer and holding that insurer of passenger-owner was liable for damages authorized driver became obligated to pay for injuries sustained by passenger-owner, despite fact that passenger-owner was named insured under policy).

23

the tortfeasor were employees of the city of Hartford. The injured person was unloading a garbage truck, while the tortfeasor was driving it. The court held that the city's insurance policy was required to defend and indemnify the permissive user tortfeasor. Although the case was decided on different grounds, the victim's status as another insured did not trouble the Nelson court.

¶62 In several cases, an automobile liability insurance company has been required to defend and indemnify a permissive user tortfeasor who injured an insured while loading or unloading a covered vehicle. The fact pattern is similar in a number of cases. A truck driver parks his truck to be loaded or unloaded; during the loading or unloading the truck driver is injured by a person who negligently loads or unloads the truck. The general principle of according automobile liability insurance coverage to permissive users who cause injury to an insured has been applied. See, e.g., Ermis v. Fed. Windows Mfg. Co., 7 Wis. 2d 549, 97 N.W.2d 485 (1959); Lukaszewicz v. Concrete Research, Inc., 43 Wis. 2d 335, 168 N.W.2d 581 (1969); Pitrowski v. Taylor, 55 Wis. 2d 615, 201 N.W.2d 52 (1972).

¶63 Our case law demonstrates that although an injured person cannot recover under an automobile insurance liability policy for self-inflicted injury, an injured person who is an insured can recover under an automobile insurance liability policy if injured by a fellow insured. Coverage is not based on the identity of the victim absent language in the policy stating otherwise.

24

V

¶64 The parties frame the third question differently, as we explained in paragraphs 12 and 13 above. Both parties can, however, be interpreted as asking: Does the omnibus statute, Wis. Stat. § 632.32(3), require an automobile liability insurance policy to provide a permissive user tortfeasor coverage when the permissive user injures a named insured?

¶65 The omnibus statute, Wis. Stat. § 632.32(3), provides as follows:

> Required provisions. Except as provided in sub. (5), every policy subject to this section issued to an owner shall provide that:
>
> (a) Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.
>
> (b) Coverage extends to any person legally responsible for the use of the vehicle.

¶66 We need not and do not decide whether in light of the omnibus statute an automobile liability insurance policy may exclude coverage of liability for personal injuries suffered by the named insured. We cannot rule on a proposed exclusion without knowing the precise language of the exclusion and the facts to which the exclusion is applied.

¶67 Nevertheless, we note that the court has decided a number of cases in which the parties dispute the validity of exclusion clauses under the omnibus statute. See, e.g., Schenke v. State Farm Mut. Auto. Ins. Co., 246 Wis. 301, 16 N.W.2d 817

(1944); <u>Frye v. Theige</u>, 253 Wis. 596, 34 N.W.2d 793 (1948);[24]
<u>Musselman v. Mut. Auto Ins. Co.</u>, 266 Wis. 387, 63 N.W.2d 691
(1954); <u>Havlik v. Bittner</u>, 272 Wis. 71, 74 N.W.2d 798 (1956);
<u>Bauman v. Gilbertson</u>, 7 Wis. 2d 467, 96 N.W.2d 854 (1959);
<u>Ottinger v. Falkenberg</u>, 11 Wis. 2d 506, 105 N.W.2d 560 (1960).[25]

¶68 In <u>Frye v. Theige</u>, 253 Wis. 596, 601, 34 N.W.2d 793 (1948), the named insured was a passenger in an automobile driven by another with his permission. The named insured was hurt in an automobile collision and sought to recover against his own automobile liability insurance company for damages caused by the negligence of the permittee driver. The insurance policy had an exclusion providing that the policy did not apply to bodily injury of a named insured. The insurance company contended that because the provision was a general exclusion of coverage that applied equally to the named insured and additional insureds, it did not violate the omnibus statute.

---

[24] The court in <u>Frye v. Theige</u>, 253 Wis. 596, 34 N.W.2d 793 (1948), distinguished <u>Archer v. General Casualty Co. of Wisconsin</u>, 219 Wis. 100, 261 N.W. 9 (1935), which accorded coverage for liability for injury to a named insured, from <u>Munsert v. Farmers Mutual Automobile Insurance Co.</u>, 229 Wis. 581, 281 N.W. 671 (1938), which did not accord coverage for liability for injury to a named insured, on the ground that the policy in <u>Munsert</u> contained such an exclusion clause.

[25] For a collection of cases on provisions of an automobile liability insurance policy excluding from coverage injury or death of an insured, see Jonathan M. Purver, <u>Validity, Construction, and Application of Provision of Automobile Liability Policy Excluding from Coverage Injury or Death of Insured</u>, 46 A.L.R. 3d 1061 (1972).

¶69 The Frye court upheld the exclusion, reasoning that the exclusion did not necessarily result in giving the additional insured (the permittee driver) less protection than was given the named insured. The court emphasized the language in what is now subsection (3)(a) of the omnibus statute, reasoning that the clause did not necessarily result in giving to an insured less protection than the policy gave to the named insured.

¶70 The Frye court explained:

> The additional assured is not protected in case plaintiff is the named assured. Neither, however, is the named assured protected in that same situation. The mere fact that the situation does not come up in respect to the named assured because he is ordinarily driving his car and injured by his own negligence appears to us to be wholly immaterial. Nobody can or does receive protection against liability for injuries to the named assured. The named assured is excluded from protection as well as the additional assured.[26]

¶71 In dissent in Frye, Justice Fairchild explained that the named insured as a passenger had a cause of action against the driver for his injuries due to the driver's negligence. Nevertheless, the exclusion did not indemnify the permittee driver for the damages that the named insured may recover against the driver. Yet the legislature had said that insurance policies shall extend equal coverage to anyone driving the car with the owner's permission. Had the named insured been the driver, he would have been indemnified for all damages recovered against him, But the permittee driver was not indemnified for

---

[26] Frye, 253 Wis. at 601.

27

liability for all damages recovered against him. According to Justice Fairchild, such an exclusion would "defeat the avowed purpose of the statute."[27]

¶72 The parties seem to think that whether the permissive user has other insurance coverage affects the validity of a hypothetical policy exclusion under the omnibus statute. We do not know whether the arguments about the omnibus statute change if the permissive driver is not fully insured under a policy other than the policy acquired by the named insured.

¶73 Past cases inform us that we should not rule on the omnibus statute without the exact language of the exclusion proposed, the facts of the case, and briefs and oral argument——none of which is present here with regard to this issue. This court does not issue advisory opinions based on non-existent facts.[28]

¶74 In sum, American Family asks us to reverse the court of appeals and hold that the American Family policy does not cover the liability of a permissive user tortfeasor who injures a named insured. We are not persuaded to do so. Such a holding contravenes the terms of the American Family insurance policy and settled case law of this state. Our case law makes no distinction between injured parties who are named insureds and

---

[27] _Frye_, 253 Wis. At 605 (Fairchild, J., dissenting).

[28] _See_ _State ex rel. La Follette v. Dammann_, 220 Wis. 17, 22, 264 N.W. 627 (1936).

other insureds.  Accordingly, we affirm the decision of the court of appeals.

*By the Court.*——The decision of the court of appeals is affirmed.

¶75 PATIENCE DRAKE ROGGENSACK, J. *(dissenting)*. I write in dissent because, based on the pleadings and the materials submitted in the summary judgment and declaratory judgment motions, I conclude that the majority opinion erroneously decides that American Family Insurance Company, Vicki Blasing's automobile liability carrier, must assume the defense and indemnification of Menard, Inc. that was initially undertaken by Zurich American Insurance Company, Menard's liability carrier.[1] The majority opinion errs because it does not fully address the issue American Family presented: "Does the concept of a permissive user under the Omnibus Statute, § 632.32(3)(a), Stats., require an injured person's own liability insurer to defend and indemnify the tortfeasor who injured the insured, and where the tortfeasor has its own liability insurance?"[2] It also errs in failing to follow proper summary judgment procedure.

¶76 I conclude that the majority opinion should not avoid American Family's stated issue, but rather, address it and conclude that when a direct action has been commenced against the insurer of a named defendant, as is the case here, the defendant's insurer must provide the defense unless that insurer <u>first</u> can prove there is no coverage for any of the claims made. Public policy requires that order of proceeding in the case at hand to meet American Family's stated issue and to prevent the conversion of Blasing's personal automobile policy into comprehensive liability insurance for Menard.

---

[1] Majority op., ¶8.

[2] American Family brief, p. 1.

1

¶77 By ignoring American Family's stated issue and Blasing's direct action claims against Zurich[3] and then permitting Zurich and Menard to shift the court's focus to whether Menard's employee was a "permissive user" of Blasing's vehicle under the policy American Family issued to Blasing,[4] the majority opinion contravenes basic summary judgment principles and decides disputed issues of material fact relative to Blasing's direct action against Zurich.[5]

¶78 I would reverse the court of appeals and remand the matter to the circuit court, with Zurich providing the defense to Blasing's claims because Zurich has provided nothing to disprove Blasing's allegation that Zurich insured Menard for her claims. Because the majority opinion chooses not to address American Family's stated issue and then ignores Blasing's direct action against Zurich in this summary judgment proceeding and erroneously converts Blasing's automobile liability policy into comprehensive liability insurance for Menard, I respectfully dissent.[6]

---

[3] Majority op., ¶74.

[4] Id., ¶5.

[5] Complaint, ¶2; Zurich's and Menard's answer, ¶2.

[6] The majority opinion misperceives the dissent when it asserts that "[t]he dissent addresses issues not argued or briefed." Majority op., ¶8 n.2. The focus of American Family's question and of the dissent are whether an injured party's automobile policy should be converted into liability insurance for a tortfeasor who has insurance of its own for the accident.

2

I.  BACKGROUND

¶79 This lawsuit against Menard involves Blasing's safe-place claims, which are based on Menard's conduct, and her common law negligence claim, which seeks to impose vicarious liability on Menard based on Menard's employee's conduct. This dispute is not about whether an injured person will be compensated for the injuries sustained. Rather, it concerns who will defend Menard and if Blasing is successful, who will pay.[7]

¶80 Stated otherwise, we are concerned with whether American Family's automobile liability policy, for which Blasing paid, will be converted into comprehensive liability insurance for Menard, by causing American Family to defend and indemnify Menard. It is also about whether Blasing's direct action against Zurich will be overlooked by focusing on the coverage provisions of Blasing's automobile policy, rather than on the summary judgment procedure applicable to motions under Wis. Stat. § 802.08. Accordingly, it is critically important to recognize that the context in which this case arises includes a tortfeasor who has its own insurance and a direct action claim against the tortfeasor's insurer. It is this context that drives my dissent from the majority opinion.

¶81 Blasing's injuries arose on September 16, 2008, when she purchased boards from Menard and proceeded to a loading area

---

[7] It is also about <u>Erickson v. Menard, Inc.</u>, La Crosse County Case No. 10CV324, which is pending in La Crosse County and presents the same issue, i.e., whether Menard will be permitted to convert an injured party's automobile liability policy into comprehensive insurance for Menard. Petition for Review, p. 19.

to have them placed in her vehicle. She was standing near the rear passenger side of her vehicle as a Menard employee began to load the boards with a forklift. During the loading, some of the boards fell onto Blasing's foot, causing her injury.

¶82 On January 24, 2011, Blasing sued Menard based on two theories: (1) liability for Menard's violations of the safe-place statute, Wis. Stat. § 101.01 et seq.; and (2) liability for the acts of its employee in negligently handling the boards while loading Blasing's vehicle. Blasing also brought a direct action against Zurich, Menard's liability carrier. She did not sue the Menard employee who loaded the boards onto her vehicle.

¶83 On March 7, 2011, Zurich and Menard answered, admitting that Zurich "issued a policy of liability insurance" to Menard, but denying Blasing's allegations of safe-place violations and negligence.[8]

¶84 On May 31, 2011, Menard tendered its defense to American Family, who was Blasing's automobile liability carrier at the time of the accident. Menard's tender ignored Blasing's safe-place claims. Instead, Menard focused on the common law negligence claim and contended that its employee was "using" Blasing's vehicle with her permission while loading the boards; and therefore, there was coverage for Blasing's injuries under her own automobile liability policy due to the requirements of the omnibus statute, Wis. Stat. § 632.32(3).

¶85 On August 2, 2011, American Family moved to intervene in the action to defend against Menard's tender. On January 23,

---

[8] Zurich answer, ¶¶2-12.

2012, American Family moved for summary judgment that it had no duty to defend or indemnify Menard for Blasing's claims. American Family submitted the automobile liability policy it issued to Blasing for court interpretation.

¶86 On January 24, 2012, Menard and Zurich moved for declaratory judgment asking the court to summarily hold that American Family had a duty to defend and indemnify Menard for liability arising from Blasing's claims. Although documents were submitted in support of their motion, Zurich chose not to submit the liability policy it admitted that it issued to Menard. Therefore, Zurich's liability policy is not in the record for us to interpret.

¶87 The circuit court granted American Family's motion, holding that it had no duty to defend or to indemnify Menard for Blasing's injuries under her automobile liability policy. The circuit court concluded that it would not have been within the reasonable expectation of Blasing when she purchased the American Family policy that American Family would defend tortfeasors who injured her and provide indemnity to Menard if Blasing succeeded on her claims against Menard and Zurich. The circuit court found Lawver v. Boling, 71 Wis. 2d 408, 238 N.W.2d 514 (1976), most persuasive.

¶88 The court of appeals reversed, concluding that American Family had both a duty to defend and to indemnify Menard, relying largely on the omnibus statute, Wis. Stat. § 632.32(3). Blasing v. Zurich Am. Ins. Co., 2013 WI App 27, ¶33, 346 Wis. 2d 30, 827 N.W.2d 909.

5

## II. DISCUSSION

### A. Standard of Review

¶89 In this review of summary judgment, we apply the same standard of review as did the court of appeals and the circuit court, but benefitting from their analyses.[9] Hoida, Inc. v. M&I Midstate Bank, 2006 WI 69, ¶16, 291 Wis. 2d 283, 717 N.W.2d 17. Summary judgment begins with a review of the complaint to determine whether it states a claim. Westphal v. Farmers Ins. Exch., 2003 WI App 170, ¶9, 266 Wis. 2d 569, 669 N.W.2d 166. Next, "we review the answer to determine whether it joins a material issue of fact or law." Id. If we determine that issue has been joined, we examine the submissions of the parties to determine whether there are material facts in dispute that would require a trial and whether the evidence is sufficient to decide the legal issues that have been joined. See id.

### B. Blasing's Claims

#### 1. Safe-place violations

¶90 Blasing sued Menard for violations of the safe-place statute, Wis. Stat. § 101.01 et seq. Blasing alleged that she was a frequenter or invitee within the meaning of the safe-place statute and that Menard:

> a. Failed to furnish a place for employees, frequenters, and/or invitees, which was safe, as that term is defined in Wis. Stat. § 101.01;

---

[9] Actions for declaratory judgment relief may be determined in summary judgment proceedings. Northernaire Resort & Spa, LLC v. Northernaire Condo. Ass'n, 2013 WI App 116, ¶12, 351 Wis. 2d 156, 839 N.W.2d 117 (concluding that a motion for declaratory judgment is better described as one for summary judgment).

b. Failed to furnish and use safety devices and safeguards and failed to adopt and use methods and processes reasonably adequate to render the subject property safe, as that term is defined in Wis. Stat. § 101.01;

c. Failed to do every other thing reasonably necessary to protect the life, health, safety, and welfare of employees, invitees and/or frequenters at the subject property where the Plaintiff, Vicki L. Blasing, was injured;

d. Failed to properly construct the subject property/parking lot/surrounding areas, inspect, maintain, repair, safeguard, and warn so as to render the subject property safe, as those terms are defined in Wis. Stat. § 101.01[.]

¶91 Pursuant to Wis. Stat. § 101.11, "[e]very employer and every owner of a place of employment or a public building . . . shall so construct, repair or maintain such place of employment or public building as to render the same safe." Accordingly, a safe-place claim may be based on the allegation that an employer or owner of a place of employment or public building failed to maintain the building as safely as the nature of the facility would reasonably permit. Kochanski v. Speedway SuperAmerica LLC, 2014 WI 72, ¶30, __ Wis. 2d __, __ N.W.2d __; Megal v. Green Bay Area Visitor & Convention Bureau, Inc., 2004 WI 98, ¶22, 274 Wis. 2d 162, 682 N.W.2d 857. What constitutes a safe-place violation depends on "the facts and conditions present, and the use to which the place 'was likely to be put.'" Gross v. Denow, 61 Wis. 2d 40, 47, 212 N.W.2d 2 (1973) (citations omitted).

¶92 Blasing's safe-place claim arises from Menard's policies and facilities at the time the boards were loaded onto

7

her vehicle.[10]   This claim is grounded in a failure of Menard, not in a failure of its employee.  See Megal, 274 Wis. 2d 162, ¶9.   Blasing's safe-place claims do not constitute use or operation of her vehicle.   Cont'l Nat'l Ins. Co. v. Carriers Ins. Co., 55 Wis. 2d 533, 536-37, 200 N.W.2d 584 (1972) (concluding that unsafe loading and unloading facilities that violated the safe-place statute were not part of the act of unloading and therefore, did not constitute use or operation of a vehicle).   In addition, there are different tortfeasors for Blasing's two claims.   Menard is the putative tortfeasor for Blasing's safe-place claim, while Menard's employee is the putative tortfeasor for her negligence claim, as explained below.

¶93   In Amery Motor Co. v. Corey, 46 Wis. 2d 291, 174 N.W.2d 540 (1970), we also concluded that unsafe loading facilities are not part of loading or unloading a vehicle.   We explained that faulty construction of the premises "was not a part of the loading and unloading operation but resulted in a condition of the premises which would normally be covered under a comprehensive liability policy on the premises."   Id. at 300. We said that "loading and unloading coverage added to an automobile liability policy . . . was not intended to take the place of comprehensive insurance on the premises."   Id. at 301.

¶94   In Sampson v. Laskin, 66 Wis. 2d 318, 224 N.W.2d 594 (1975), we again considered the differing factual predicates between safe-place claims and those based on the "use" of a

---

[10] Complaint, ¶¶8-12.

8

vehicle. There, prior to the accident, two employees were loading barrels of waste material from an elevator into a truck owned by their employer. Id. at 321. In order to get the last of the barrels into the truck, they employed a bypass switch on the elevator so it rose without the door being closed. Id. at 322. When they raised the elevator to the level of the truck bed, there was an 18-inch gap between the truck and the elevator floor on which the barrels sat. Id. In an effort to move the barrels from the elevator over the gap and into the truck, the employees placed a loose sheet of metal as a make-shift bridge over the gap. Id. Unfortunately, as the employees were using this makeshift bridge, it slipped and both employees fell 26 feet into the pit of the elevator. Id. at 322-23.

¶95 The injured employee and the estate of the deceased employee sued the owners of the building alleging violations of the safe-place statute because of the availability of the bypass switch that the plaintiffs used to override a safety feature of the elevator. Id. at 326. The jury found for the plaintiffs and that determination was not appealed. Id.

¶96 The defendant-owners, in turn, filed a third-party complaint against Liberty Mutual Insurance Company under the automobile liability policy issued to the plaintiffs' employer, into whose truck the barrels were being loaded. Id. at 334. The defendant-owners claimed that they were covered under the automobile policy because the accident occurred during the loading of the truck. Id. In dismissing the defendant-owners' claim under the automobile policy, we explained that the

9

"[l]oading and unloading coverage, added to an automobile liability policy, . . . 'was not intended to take the place of comprehensive insurance on the premises,' particularly not so in safe-place cases." Id. at 336 (citation omitted).

¶97 Other jurisdictions also adhere to our view that safe-place claims based on loading and unloading facilities and policies are excluded from use or operation of a vehicle "because the owner's duty to maintain a safe place 'was not a step in the specific operation of unloading a truck.'" Amery, 46 Wis. 2d at 301 (citation omitted).[11]

¶98 Accordingly, safe-place violations are not part of loading or unloading a vehicle or a "use" of a vehicle. Id. Therefore, in regard to Blasing's safe-place claims, there is no basis for coverage under Blasing's automobile policy. Sampson, 66 Wis. 2d at 335-36; Continental, 55 Wis. 2d at 536-37; Amery, 46 Wis. 2d at 301.

### 2. Common law negligence

¶99 Blasing also sued Menard for the common law negligence of its employee in loading boards onto her vehicle. On that claim, Menard has potential liability based on vicarious liability under the doctrine of respondeat superior, which imposes liability on an employer for the acts of its employee within the scope of the employee's employment. Brown v. Acuity, Mut. Ins. Co., 2013 WI 60, ¶27, 348 Wis. 2d 603, 833 N.W.2d 96;

---

[11] See also Suter, Loading and Unloading, 31 Insurance Counsel Journal 112 (Jan. 1964); Cosmopolitan Mut. Ins. Co. v. Balt. & Ohio R.R., 240 N.Y.S.2d 88 (1963).

10

Peters v. Menard, Inc., 224 Wis. 2d 174, 193 n.8, 589 N.W.2d 395 (1999).

¶100 Respondeat superior imposes vicarious liability based on the existence of a master-servant relationship. Kerl v. Dennis Rasmussen, Inc., 2004 WI 86, ¶4, 273 Wis. 2d 106, 682 N.W.2d 328. "Vicarious liability under respondeat superior is a form of liability without fault." Id. Vicarious liability may result from the right to control the activities of another, such as is found in the control of an employee by an employer during the scope of the employee's employment. Lewis v. Physicians Ins. Co. of Wis., 2001 WI 60, ¶12, 243 Wis. 2d 648, 627 N.W.2d 484; see also Restatement (Second) of Agency § 219 (1958).

¶101 There is a difference between an employer's vicarious liability for an employee's conduct and the conduct of the employee, himself. For example, an employer who is liable due to the doctrine of respondeat superior is not a tortfeasor;[12] rather, the employer's liability stems from the particular type of agency relationship created when the employee is acting within the scope of his employment. See Schinner v. Gundrum, 2013 WI 71, ¶47 n.13, 349 Wis. 2d 529, 833 N.W.2d 685; Restatement (Second) of Agency § 219 (1958); see also St. Paul Fire & Marine Ins. Co. v. MAG Mut. Ins. Co., 433 S.E.2d 112, 113 (Ga. Ct. App. 1993).[13]

_____

[12] A tortfeasor is "[o]ne who commits a tort," i.e., a legally cognizable wrong. Black's Law Dictionary 1627 (9th ed. 2009).

[13] See also 18B Am. Jur. 2d Corporations § 1832 (2014); Restatement (Third) of Agency § 2.04 (2006).

11

¶102 In Schinner, we recently explained that an employer,

> is subject to the liability for damages flowing from the tortious conduct of its employee. This liability is imposed upon [the] assured by law under the rule of respondeat superior. Although the [employer] may be held liable for such tort, it cannot be said that [the employer] committed the assault.

Schinner, 349 Wis. 2d 529, ¶47 n.13 (quoting Fox Wis. Corp. v. Century Indem. Co., 219 Wis. 549, 551-52, 263 N.W. 567 (1935)). The conclusion that an employer who has vicarious liability under the doctrine of respondeat superior is not a tortfeasor is consistent with our conclusion that vicarious liability under respondeat superior is liability without fault. Kerl, 273 Wis. 2d 106, ¶4.

¶103 It is only the common law negligence claim for which there potentially could be coverage under the American Family policy. American Family focuses on this claim with two facts that are significant, one of which the majority does not address. American Family questions whether the "concept of use" should be applied to the insured's policy under the omnibus statute when (1) the insured is injured by a tortfeasor and (2) the tortfeasor has insurance of its own.

¶104 The second fact, that the tortfeasor has its own insurance for the accident, is extremely significant because the omnibus statute has as its purpose assuring that accident victims have insurance coverage. Nordahl v. Peterson, 68 Wis. 2d 538, 551, 229 N.W.2d 682 (1975); Venerable v. Adams, 2009 WI App 76, ¶14, 318 Wis. 2d 784, 767 N.W.2d 386. Therefore, construing the "concept of use" narrowly under the policy to

12

exclude those tortfeasors who injure the insured and also have their own insurance will not conflict with the omnibus statute's purpose of providing insurance coverage to injured persons because of Zurich's insurance policy.

### C. Summary Judgment

¶105 Zurich moved for summary declaration that American Family has the duty to defend and indemnify Menard. Consistent with summary judgment methodology, I begin with an examination of the complaint to determine what it alleges in regard to the duty to defend and indemnify. See Admanco, Inc. v. 700 Stanton Drive, LLC, 2010 WI 76, ¶28, 326 Wis. 2d 586, 786 N.W.2d 759. The complaint shows that Blasing sued Menard. She also brought a direct action against Zurich, as is permitted by Wis. Stat. § 632.34. Backus Elec., Inc. v. Petro Chem. Sys., Inc., 2013 WI App 35, ¶12, 346 Wis. 2d 668, 829 N.W.2d 516. In regard to Menard, Blasing pled safe-place violations based on allegations that Menard did not make the loading facility as safe as it would reasonably permit. She also pled a common law negligence claim based on the acts of Menard's employee during the scope of his employment. In regard to Zurich, she claimed that Zurich provided insurance to Menard and its employees "against the liability of the type" for which she had claimed, i.e., for safe-place violations and for negligence. Blasing adequately stated her claims.[14]

¶106 The second step in summary judgment determinations is to examine the answer. Admanco, 326 Wis. 2d 586, ¶28. Zurich

---

[14] Complaint, ¶2.

admits that it "issued a policy of liability insurance" to Menard, with unstated conditions.[15]   Accordingly, issues of material fact were joined in regard to whether Zurich insured Menard for the alleged safe-place violations and the negligence claim set out in the complaint.

¶107 The third step in summary judgment methodology is to examine the materials submitted by the moving party to see whether that party has made a prima facie showing that there are no material issues of fact in dispute and that that party should prevail on a question of law without a trial.  Id.  In regard to Zurich, it submitted no evidence that it does not insure Menard "against the liability of the type" set out in the complaint, i.e., safe-place violations and vicarious liability for common law negligence.

¶108 Instead, Zurich artfully shifted all court focus to American Family's automobile liability policy, which prevented a summary judgment analysis of Blasing's direct claim against Zurich.[16]   Zurich's skillful approach also prevented the court from fully addressing the issue American Family presented for our review.  However, when I apply summary judgment procedures, it becomes apparent that Zurich has not met the standard necessary to negate Blasing's direct action claim that Zurich

---

[15] Answer, ¶2.

[16] Menard has used this same approach in other venues to shift its insurer's obligation to defend and indemnify for harm a Menard employee caused to a customer who had automobile liability insurance.  See Menard, Inc. v. Country Preferred Ins. Co., 992 N.W.2d 643 (Ill. App. Ct. 2013).

14

insured Menard for Blasing's claims. Summary judgment should be denied and Zurich must proceed to defend Menard unless it <u>first</u> can prove that the liability policy it admits it provided to Menard covers none of Blasing's claims.

¶109 If Zurich's obligations to defend and indemnify Menard are not determined before this matter proceeds, Zurich and Menard will have succeeded in converting American Family's automobile liability policy into a comprehensive liability policy for Menard because American Family will have to shoulder a defense to claims, at least one of which falls outside of the scope of its policy and the omnibus statute. <u>See</u> <u>Sampson</u>, 66 Wis. 2d at 336. Failing to first address Zurich's obligations also will prevent court consideration of the issue American Family presented for our review: "Does the concept of a permissive user under the Omnibus Statute, § 632.32(3)(a), Stats., require an injured person's own liability insurer to defend and indemnify the tortfeasor who injured the insured, and where the tortfeasor has its own liability insurance?"

### III. CONCLUSION

¶110 In conclusion, I write in dissent because, based on the issue American Family submitted for our review, the pleadings and the materials submitted in the summary judgment and declaratory judgment motions, I conclude that the majority opinion erroneously decides that American Family, Vicki Blasing's automobile liability carrier, must assume the defense and indemnification of Menard that was initially undertaken by Zurich, Menard's liability carrier. The majority opinion errs

15

because it does not fully address the issue American Family presented: "Does the concept of a permissive user under the Omnibus Statute, § 632.32(3)(a), Stats., require an injured person's own liability insurer to defend and indemnify the tortfeasor who injured the insured, and where the tortfeasor has its own liability insurance?" It also errs in failing to follow proper summary judgment procedure.

¶111 I conclude that the majority opinion should not avoid American Family's stated issue, but rather, address it and conclude that when a direct action has been commenced against the insurer of a named defendant, as is the case here, the defendant's insurer must provide the defense unless that insurer first can prove there is no coverage for any of the claims made. Public policy requires that order of proceeding in the case at hand to meet American Family's stated issue and to prevent the conversion of Blasing's personal automobile policy into comprehensive liability insurance for Menard.

¶112 By ignoring American Family's stated issue and Blasing's direct action claims against Zurich and then permitting Zurich and Menard to shift the court's focus to whether Menard's employee was a "permissive user" of Blasing's vehicle under the policy American Family issued to Blasing, the majority opinion contravenes basic summary judgment principles and decides disputed issues of material fact relative to Blasing's direct action against Zurich.

¶113 I would reverse the court of appeals and remand the matter to the circuit court, with Zurich providing the defense

16

to Blasing's claims because Zurich has provided nothing to disprove Blasing's allegation that Zurich insured Menard for her claims. Because the majority opinion chooses not to address American Family's stated issue and then ignores Blasing's direct action against Zurich in this summary judgment proceeding and erroneously converts Blasing's automobile liability policy into comprehensive liability insurance for Menard, I respectfully dissent.

¶114 I am authorized to state that Justices ANNETTE KINGSLAND ZIEGLER and MICHAEL J. GABLEMAN join this dissent.

17